UNITED STATES of America

v.

**PEPPER & POTTER, INC.; Richard Buick, Inc.; Mid–County Motors, Inc.; Baron Buick, Inc.; and Lester Potter, Defendants.**

No. CR 88–00002 (RJD).

United States District Court, E.D. New York.

Jan. 27, 1988.

Jacqueline W. Distelman, Antitrust Div., U.S. Dept. of Justice, New York City, for U.S.

Gregory J. Wallance, Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant Richard Buick, Inc.

William J. Cunningham, III, Meyer, Suozzi, English & Klein, Mineola, N.Y., for defendant Pepper & Potter, Inc.

David DePetris, New York City, for defendant Mid–County Motors, Inc.

Jay M. Zerin, Zerin & Cooper, New York City, for defendant Baron Buick, Inc.

Joseph P. Hoey, Meyer, Suozzi, English & Klein, Mineola, N.Y., for defendant Lester Potter.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

This matter is before the Court for resolution of a disqualification issue that the parties have brought to the Court's attention. The issue relates to my limited involvement in the investigation that preceded the subject indictment while serving as the United States Attorney in this district. As set out more fully below, because my handling of this case could very well lead an objective observer to question my impartiality, disqualification here is required by section 455(a) of Title 28, United States Code.

## FACTS

Although I have no current recollection of the extent of my participation in the underlying investigation, some facts regarding my prior involvement in this matter have emerged, apparently uncontested. In January of 1986, the New York office of the Antitrust Division of the Department of Justice commenced an investigation into possible criminal violations in connection with the sale of Buick automobiles in the Eastern District of New York. I am informed that as United States Attorney I had a meeting with an official of the Antitrust Division prior to the commencement of the grand jury investigation. It also appears that I signed the application seeking the impanelment of the grand jury. I also signed numerous immunity applications during the grand jury investigation.

The defendants oppose disqualification. They contend that disqualification is not mandated by 28 U.S.C. § 455(b)(3), which governs mandatory disqualification where a Judge has participated as counsel or an adviser concerning the proceeding. Rather, the defendants argue that disqualification in the case at bar is governed by 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Defendants contend that there is no basis for questioning the Court's impartiality and, in any event, since 455(e) provides for waiver of any grounds for disqualification under section 455(a), the defendants are prepared to waive any objections to my handling of the case.

The government points out that it is not moving for my disqualification. Instead, the government argues that "alternative interpretations of [the disqualification] statute may reasonably be made and that its meaning is not clearly fixed." The

government points out that one of the leading commentators has noted that "[u]nder the new statute, as under its predecessor, the cases are in disarray on whether or when a judge is disqualified from hearing a case because it, or related cases, were in some state of prosecution while the judge was a United States attorney." 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3544, at 591 (1984). The government thus takes the position that, although it would welcome my decision to remain on the case, concerns regarding section 455 may require a different result.

DISCUSSION

With some hesitation, the Court agrees with the defense that disqualification is not required under section 455(b). The relevant portion of subsection (b) mandates disqualification

> (3) Where [the judge] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

The language of the statute and the paucity of interpretive guidance warrant caution in applying this provision. I am able to conclude, with some confidence, that I did not function in this case as an "adviser." But the regular review and approval of immunity applications, and the signing, review, and submission of an application to the Court for the empanelment of a grand jury might very well denote my participation as "counsel" and require disqualification. My concern in this regard is underscored by the possibility that at some point later in these proceedings, conceivably even during trial, a refreshed recollection could suddenly and uncontestably divulge facts requiring § 455(b)(3) disqualification.

█ In any event, we need not linger on this troubling issue, because I conclude

that my disqualification is required under section 455(a). *See* 13A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3549 at 613–14 (1984) ("Because of [the] general provision of § 455(a), an overly-nice reading is not required of the specific instances of disqualification spelled out in § 455(b)").

Some historical perspective regarding section 455(a) is helpful. The 1974 amendments to section 455(a) of the Judicial Code worked a "drastic change in practice in the federal courts." 13A C. Wright A. Miller & E. Cooper, *supra* § 3549, at 609. Whereas the old rule had required a judge to sit if statutory grounds for disqualification had not been established, *see, e.g., Edwards v. United States*, 334 F.2d 360, 362 n. 2 (5th Cir.1964), the 1974 statute provides that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S. C. § 455(a).

This "appearance to the community" test replaced the "substantial interest" [1] standard of the former statute and was intended to incorporate the "appearance of impropriety" test existing in the Code of Judicial Conduct. Note, *Caesar's Wife Revisited— Judicial Disqualification after the 1974 Amendments*, 34 Wash. & Lee L.Rev. 1201, 1205 & n. 23 (1977) (citing Hearings on S. 1064 Before the Subcomm. on Improvements in Judicial Machinery of the Senate Comm. on the Judiciary, 93rd Cong., 1st Sess. 61 (1973) [statement of John P. Frank] ). As explained by the Reporter for the Code of Judicial Conduct:

> Any conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's "impartiality might reasonably be questioned" is a basis for the judge's disqualification. Thus, an impropriety or the appearance of impropriety in violation of Canon 2 that would reasonably lead one to question the judge's impartiality in a given proceeding clearly falls within the scope

---

**1.** The former version of § 455 provided that Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein.

of the general standard, as does participation by the judge in the proceeding if he thereby creates the appearance of a lack of impartiality.

E.W. Thode, *Reporter's Notes to Code of Judicial Conduct* 60–61 (1973).

The legislative history surrounding subsection (a) indicates that the objective standard embodied in the statute "is designed to promote public confidence in the impartiality of the judicial process...." H.R. Rep. No. 93–1453, 93rd. Cong., 2d Sess., *reprinted in* 1974 U.S. Code Cong. & Admin. News 6351, 6355. In order to maintain this public confidence, "disqualification may be required even when there is no actual bias or prejudice." *United States v. Singer*, 575 F.Supp. 63, 67 (D.Minn.1983). This is so because the "appearance of impartiality is virtually as important as the fact of impartiality." *Id.* In the words of the Supreme Court, " 'justice must satisfy the appearance of justice.' " *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955) (quoting *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13–14, 99 L.Ed. 11 (1954)).

Weighed against these considerations is the rule—which survived the 1974 amendments—that a judge should not disqualify himself solely by reason of the personal burdens a case would impose or because he would prefer to be trying some other kind of case. 13A C. Wright, A. Miller & E. Cooper, *supra* § 3549, at 623. As the Senate Judiciary Committee pointed out:

> While the proposed legislation would remove the "duty to sit" concept of present law, a cautionary note is in order. No judge, of course, has a duty to sit where his impartiality might be reasonably questioned. However, the new test should not be used by judges to avoid sitting on difficult or controversial cases.

S.Rep. No. 93–419, 93rd Cong., 1st Sess., at p. 5 (1975).

Applying the above legal standards to the case at bar, the Court is compelled to conclude that disqualification is called for under subsection (a). I was the United States Attorney at the inception of the investigation. My name appears on a good number of the official documents. More significantly, my involvement in the investigation was not merely of a *pro forma* nature. Indeed, as the government points out, the federal immunity statute requires the United States Attorney to make a judgment that the testimony or information sought "may be necessary to the public interest." 18 U.S.C. § 6003(b)(1). My involvement as United States Attorney could likely and most reasonably give rise to an appearance of impropriety, thus prompting even an objective observer to question my impartiality.

This result obtains even though I harbor no personal predisposition regarding the merits of this case and I am confident that I could in fact preside impartially. As Judge Weinfeld aptly pointed out, "[a] cardinal principle of our system of justice is that not only must there be the reality of a fair trial and impartiality in accordance with due process, but also the appearance of a fair trial and impartiality." *United States v. Ferguson*, 550 F.Supp. 1256, 1260 (S.D.N.Y.1982).

Disqualification is also called for despite the defendants' proffer of a waiver. The fact that the defendants do not now question the Court's impartiality is of no moment. The weightier concern here is for the "average person on the street", *id.*, whose confidence in the probity of the judicial process is as important and vital as the ability of a given judge to preside fairly in a given case. In the words of the Fifth Circuit, "any inconvenience [to the defendants in the re-assignment of this case to another judge] is more than outweighed by the need to protect the dignity and integrity of the judicial process." *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1112 (5th Cir.), *cert. denied*, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980).

## CONCLUSION

My disqualification from hearing this case is called for under § 455(a). The case is referred to the Clerk of the Court for transfer by lot pursuant to the Individual Assignment System rule of this Court. *See* Rules for the Division of Business

Among District Judges, Eastern District, Rule 2(b) (1987). The Clerk shall also mail copies of this Order to all counsel.

SO ORDERED.