**Joseph R. PERSON, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION and Saginaw Division General Motors Corporation, Defendants.**

**No. CIV–89–737C.**

United States District Court, W.D. New York.

Jan. 26, 1990.

---

David C. Steinhilber, Buffalo, N.Y., for plaintiff.

Raichle, Banning, Weiss & Stephens (Arnold Weiss, of counsel), Buffalo, N.Y., for defendants.

## BACKGROUND

CURTIN, District Judge.

On June 26, 1989, the defendants removed this case from New York State Supreme Court, Erie County, to this court pursuant to 28 U.S.C. § 1441. *See* Item 1. Accompanying the removal petition was a letter from the defendants' attorney, Arnold Weiss, Esq., to the Clerk of the Court requesting that the case be assigned to a

judge other than me. After the case was assigned to me through the standard random-assignment process, Mr. Weiss wrote to me and requested that I recuse myself. *See* Item 5. In a letter dated July 10, 1989, I attempted to assure counsel that I could proceed reasonably and fairly in the case, but told him that he should bring a formal motion for recusal if he felt otherwise. On July 21, 1989, counsel filed the motion for recusal that is now pending before the court. *See* Item 4. Although Mr. Weiss cites no statutory authority, the court will assume that the basis for the motion is 28 U.S.C. §§ 144, 455(a), and 455(b)(1).

In support of the motion, counsel appended only his own affidavit. In the affidavit, he makes several allegations in support of his argument that I should recuse myself from the present case as well as from "all other matters in which deponent appears as counsel." Item 4 at ¶ 20. Generally, he alleges that I must recuse myself because: 1) of actions that either I or my staff took, as well as future actions counsel intends to take, in connection with another case, *Markel, et al. v. Scovill Manufacturing Company, et al.*, CIV–78–269A, *id.* at ¶¶ 2–3, 6–14;[1] 2) the pendency of the appeal in *Markel* "caused considerable consternation" among the judges of the United States Court of Appeals for the Second Circuit and "contributed materially to [my] sudden announcement ... that [I] was relinquishing [my] position as Chief Judge for the U.S. District Court for the Western District of New York, and [my] subsequent decision ... to accept Senior Judge status," *id.* at ¶ 16; 3) I have given "physical evidence" of my hostility toward him both in conversations that I have had with other attorneys and jurists and in my "obvious and undisguised anger, red-faced grimaces, criticisms, impatience and hostile reaction to deponent during Court appearances," *id.* at ¶ 16; 4) I supposedly awarded sanctions against deponent unjustly in another case, *Greater Buffalo Press, Inc., et al. v. Federal Reserve Bank of New York, et al.,*

---

**1.** I recused myself from *Markel* in an order dated November 1, 1988, and the case was then transferred to Judge Richard Arcara.

CIV–78–27C, [—— F.R.D. ——] *id.* at ¶ 17; and 5) I supposedly made public comments and took public actions that were "adverse," and that "caused the Bar and Bench of the U.S. District Court for the Western District of New York and at the Supreme Court, to be fully aware of [my] unjustified personal dislike of deponent, and of [my] pervasive hostility to deponent," *id.* at ¶ 18.

## DISCUSSION

 Counsel argues that the foregoing establishes such bias and hostility that I should recuse myself from the present case as well as from any other cases in which he appears. After giving counsel's arguments due consideration, I have concluded that the motion should be denied.

28 U.S.C. § 144 provides in relevant part:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein. . . .

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists. . . .

28 U.S.C. § 455 provides in relevant part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party. . . .

Sections 144 and 455(b)(1) should be read *in pari materia,* that is, they should be construed together. *Apple v. Jewish Hospital and Medical Center,* 829 F.2d 326, 333 (2d Cir.1987). "The analysis is the same under both sections, that is, it looks to extrajudicial conduct as the basis for making such a determination, not conduct which arises in a judicial context." *Id. See also In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1314 (2d Cir.1988),

*reh'g denied,* 869 F.2d 116 (2d Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989); *In re International Business Machines Corp.,* 618 F.2d 923, 928 (2d Cir.1980), *later proceeding,* 687 F.2d 591 (2d Cir.1982); *Davis v. Board of School Commissioners of Mobile County,* 517 F.2d 1044, 1052 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). Furthermore, "mere allegation that conduct is extrajudicial does not make it so. Extrajudicial conduct is not conduct arising geographically *outside* of the courtroom. Rather, it is conduct which arises from something outside of the events of the [courtroom proceeding] itself." *Allen–Myland, Inc. v. International Business Machines Corp.,* 709 F.Supp. 491, 494 (S.D.N.Y.1989) (emphasis supplied).

 The standard for recusal under both Section 144 and Section 455 is whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned. *Apple v. Jewish Hospital and Medical Center,* 829 F.2d at 333 (construing §§ 144, 455(b)(1)); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d at 1313 (construing § 455(a)). *See also Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 108 S.Ct. 2194, 2201 n. 7, 100 L.Ed.2d 855 (1988). In general, unsubstantiated suggestions of personal bias or prejudice do not mandate recusal. *See Willner v. University of Kansas,* 848 F.2d 1023, 1027 (10th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989).

 Counsel's application is insufficient for several reasons. First, he attempts in his affidavit to incorporate by reference the records of two other cases, *see* Item 4 at ¶¶ 2, 17, a practice that has no place in a motion for recusal. *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir.1987). If counsel believes that particular circumstances involving those cases are relevant to the present motion, he should have stated them with particularity. *Id.* In any event, prior adverse rulings are not sufficient cause for recusal. *In re International Business Machines Corp.,* 618 F.2d at

929–30; *Willner v. University of Kansas,* 848 F.2d at 1028; *United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986). If counsel feels that my rulings in any other case were incorrect, he can appeal those rulings. *See Ex parte American Steel Barrel Co.,* 230 U.S. 35, 44, 33 S.Ct. 1007, 1010, 57 L.Ed. 1379 (1913) (Motions for recusal were "never intended to enable a discontented litigant to oust a judge for adverse rulings made, for such rulings are reviewable otherwise....") (construing predecessor statute), *quoted in In re International Business Machines Corp.,* 618 F.2d at 929. Moreover, to the extent that any of counsel's allegations regarding *Markel* and *Greater Buffalo Press* can be construed as referring to extrajudicial conduct, they are so thoroughly vague and unsubstantiated that they are virtually inconsequential for purposes of the present motion. *Maier v. Orr,* 758 F.2d 1578, 1583 (Fed.Cir.1985).

Second, the fact that I recused myself from *Markel* does not mandate that I must recuse myself from the present case. My decision to recuse myself was neither an acknowledgment of the legal sufficiency of counsel's motion in that case, nor a suggestion that I would not be able to act without bias or prejudice in future cases involving him. *See, e.g., Wolfson v. Palmieri,* 396 F.2d 121, 125 (2d Cir.1968) ("[T]here are circumstances in which a judge may wish to recuse himself although a legally sufficient affidavit of bias and prejudice could not be presented against him.").

Third, the allegations contained in counsel's affidavit are either wholly conclusory or totally without factual support.[2] Counsel's suggestion that the appeal in *Markel* contributed in any way to my decisions to step down as Chief Judge and to take senior status is so artificial that it does not merit a response. In addition, recusal is not mandated by counsel's vague and unsupported allegations regarding unspecified hearsay statements. *Willner v. University of Kansas,* 848 F.2d at 1027. In this

regard, I note also that counsel provides no clue as to the nature of the "physical evidence" that supposedly manifested itself in some of these unenumerated hearsay conversations. And even assuming *arguendo* that in the past I have treated counsel brusquely in court, that is insufficient to compel recusal. *See In re International Business Machines Corp.,* 618 F.2d at 930–31; *Rosen v. Sugarman,* 357 F.2d 794, 799–800 (2d Cir.1966); *In re Cooper,* 821 F.2d 833, 838–39, 841, 843 (1st Cir.1987). As noted by Judge Frank in *In re J.P. Linahan, Inc.,* 138 F.2d 650 (2d Cir.1943):

> "[A judge] must ... shrewdly observe the stategems of the opposing lawyers, perceive their efforts to sway him by appeals to his predilections. He must cannily penetrate through the surface of their remarks to their real purposes and motives. He has an official obligation to become prejudiced in that sense. Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions."

*Id.* at 654, *quoted in In re International Business Machines Corp.,* 618 F.2d at 930. Counsel's allegations are generally so vague, conclusory, and unsubstantiated that they are utterly inadequate to require recusal. As one court has put it: "Conclusory statements are of no effect. Nor are counsel's unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr,* 758 F.2d at 1583.

■ It is evident that the essence of counsel's arguments is that I harbor personal animosity toward him. It is thus unsurprising that, with regard to all of counsel's allegations, he fails to explain adequately how his clients in the present case supposedly will be harmed unless I

---

**2.** Section 144 requires an affidavit that is " 'sufficient,' to provide 'fair support' for the charge of partiality." *Apple v. Jewish Hospital and Medical Center,* 829 F.2d at 333 (citations omitted). It is not clear whether Section 455 requires an affidavit, "[b]ut when proffered, an affidavit is scrutinized for sufficiency." *Id.*

recuse myself. But even where personal animosity exists between a judge and an attorney, recusal is not compelled unless a party is thereby adversely affected. "[B]ias against a lawyer, even if found to exist, without more is not bias against his client." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d at 1314. *See also Davis v. Board of School Commissioners of Mobile County*, 517 F.2d at 1050–52. Significantly, counsel alleges merely that "there is *possible* prejudice to any client that [he] may represent, or *possible* reverse bias or harm to opposing counsel," Item 4 at ¶ 19 (emphasis added),[3] thereby exposing the thoroughly speculative nature of his claims.

Moreover, this latter claim further exposes the hollow character of counsel's arguments. Counsel in one breath argues that my alleged hostility toward him is so great that I am apt to rule against him, and in the next breath argues that that hostility also raises a danger of possible "reverse" bias or harm to opposing counsel due to my anticipated attempts to cover up that hostility. Thus, according to counsel, if I rule against him, I am biased; if I rule for him, I am also biased. Such circuitous and convoluted reasoning simply does not suffice. Either I am inclined to rule against him or I am inclined to rule for him. He cannot have it both ways. In his transparent attempt to cover all bases, counsel has thus revealed the vacuous nature of his motion. Moreover, the fallacy of his argument underscores the conspicuously speculative nature of his claims.[4]

I do not understand why counsel has made accusations as unfounded as those contained in his motion for recusal, and I can do nothing more than to give my assurance that in this case, as in every case pending before me, I will, to the utmost of my ability, preside fairly and impartially. I harbor no personal animosity toward counsel. If I did, and if I felt those feelings could affect my ability to act fairly and impartially, I would recuse myself without hesitation. But conclusory and unfounded allegations that a judge is biased or prejudiced against an attorney are insufficient to require recusal.

I fully recognize that "justice must satisfy the appearance of justice," *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954), and that, consequently, the absence of actual bias or prejudice is not enough. *See United States v. Pepper & Potter, Inc.*, 677 F.Supp. 123, 126 (E.D.N.Y.1988). I thus am ever-mindful of my obligation to recuse myself not only from matters in which I might harbor personal bias or prejudice, but also from matters in which my impartiality might reasonably be questioned. But I am equally mindful of my responsibility not to disqualify myself "solely by reason of the personal burdens a case would impose or because [I] would prefer to be trying some other kind of case." *Id.* at 126.[5] In the words of the Second Circuit: "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d at 1312. *See also National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir.1978), *cert. denied*, 439 U.S. 1072, 99 S.Ct. 844, 59 L.Ed.2d 38 (1979).

The plain fact is that counsel's allegations are groundless.[6] Moreover, and more

---

3. Counsel's affidavit contains two paragraphs denoted "19." *See* Item 4 at 7. The reference here is to the first of those paragraphs.

4. With regard to the claim of "reverse bias or harm," it is obvious that if counsel's claims of personal bias and prejudice cannot support his motion unless they are related to harm to his client, his professed concern for his present and future *opponents* is superfluous for purposes of *his client's* motion.

5. As noted by Judge Dearie, this responsibility does not embrace the former "duty to sit" concept. *See* 677 F.Supp. at 126.

6. I note that the certificate of good faith required by Section 144 has not been supplied by Mr. Weiss.

importantly for purposes of the present motion, they are entirely too speculative to lead a reasonable person, knowing all the facts, to conclude that my impartiality might reasonably be questioned.[7]

To be sure, the easiest course would be simply to recuse myself from this case and from all others involving Mr. Weiss. But an attorney cannot be allowed to pick and to choose which judge shall hear his or her cases simply by making unfounded and conclusory accusations of bias or prejudice. See Hinman v. Rogers, 831 F.2d at 939–40. "Litigants are entitled to an unbiased judge; not to a judge of their choosing." In re Drexel Burnham Lambert, Inc., 861 F.2d at 1312.

In sum, I am fully confident that I can and will preside over this case without bias or prejudice. I am also convinced that a reasonable person, knowing all the facts, would conclude that my impartiality cannot reasonably be questioned. The motion for recusal is thus denied.

The court shall meet with the parties on March 1, 1990, at 9:00 a.m. to set a discovery schedule.

So ordered.

---

7. Counsel also makes vague references to my personal friendship with a local attorney and his wife. He then alleges that the attorney served as special counsel for the plaintiffs in Markel v. Scovill, that the attorney's relationship with the plaintiffs in that case "was subverted by defendant's counsel," and that, as a result, the attorney "cooperated with defendant's counsel in matters adverse to plaintiffs [in Markel]." Item 4 at ¶¶ 4–5. Mr. Weiss, however, explains neither how my personal relationship with the attorney and his wife is related to these allega-tions, nor how any of these matters are related to any alleged potential harm to his clients in the present case. Indeed, as noted above, his affidavit asserts merely that "there is possible prejudice to any client that [he] may represent, or possible reverse bias or harm to opposing counsel by [my] attempts to disguise that bias." Id. at ¶ 19. Mr. Weiss also makes references to unspecified actions and hearsay statements supposedly taken and made by the attorney, see id. at ¶¶ 16, 18, but does not explain their relevance to the present motion.