**GREATER BUFFALO PRESS, INC.,** individually and as payee and holder; and on behalf of each other similarly situated payee and holder on Appendix A; of returned or non-paid checks or cash items drawn by Neisner Brothers, Inc., on Chase Lincoln First Bank, N.A., (Formerly the Lincoln First Bank), **Plaintiff,**

v.

**FEDERAL RESERVE BANK OF NEW YORK,** and the Buffalo, New York branch thereof; John T. Kean, individually and as an Officer and Manager thereof; and Marine Midland Bank, N.A. (formerly Marine Midland Bank–Western), **Defendants.**

No. CIV–78–27C.

United States District Court,
W.D. New York.

Jan. 26, 1990.

Raichle, Banning, Weiss & Stephens (Arnold Weiss, of counsel), Buffalo, N.Y., for plaintiff.

Federal Reserve Bank of New York (Ernest T. Patrikis, General Counsel, Thomas C. Baxter, Jr., Associate General Counsel, and Steven T. Smith, of counsel), New York City, for defendants.

CURTIN, District Judge.

On March 17, 1988, this court granted defendants' motion for summary judgment and dismissed plaintiffs' fourth complaint (Items 132, 133). That decision was affirmed on January 18, 1989, *Greater Buffalo Press, Inc. v. Federal Reserve Bank of New York*, 866 F.2d 38 (2d Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989). There still remains for decision a determination of the monetary amount of a Rule 37 sanction against plaintiff because of an order entered on December 31, 1980 (Item 51). The court held that sanctions should be awarded but did not determine the amount at that time for reasons that will be set forth in this decision. However, before that motion may be considered, the court must first rule on plaintiff's motion for recusal.

Plaintiff has filed three motions for recusal. The first, filed on June 30, 1988, was appended to plaintiff's response to the defendants' motion for sanctions and its cross-motion for sanctions against the defendants (Item 140 at ¶ 3). The second was filed on July 26, 1989 (Item 150), but was denied without prejudice to renew on proper papers (Item 152). A third motion to recuse was filed on September 29, 1989 (Item 155). In addition to the recusal motion, plaintiff also seeks disqualification of defendants' counsel. Defendants have replied by memoranda and affidavit, and have moved for Rule 11 sanctions (Items 157–60, 162). The court will take up the recusal motion first.

*Motion for Recusal*

■ Contemporaneously with filing a decision in this case, I have filed a decision in the case of *Person v. General Motors Corporation*, 730 F.Supp. 516 (W.D.N.Y.1990). In that case, plaintiff's counsel, Arnold Weiss, Esq., also moved for my recusal and made many of the same arguments that he set forth in this case. The detailed analysis of the law made in that decision applies to his application for a recusal in this case as well.

The court has carefully reviewed the authorities bearing on the question of recusal, especially the recent teaching of the Second Circuit in cases such as *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1314 (2d Cir.1988), *reh'g denied*, 869 F.2d 116 (2d Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989); *Apple v. Jewish Hospital and Medical Center*, 829 F.2d 326 (2d Cir.1987); and *In re International Business Machines Corp.*, 618 F.2d 923 (2d Cir.1980). The court must first determine whether the procedural requirements under the statutes have been met. In this case, it is clear that they have not been met. Furthermore, it is clear that adverse rulings by the court in this case or in other cases do not create the appearance of bias. In order to mandate recusal, bias must be personal and cannot rest upon trial rulings or conduct. The recusal statutes, *see* 28 U.S.C. §§ 144, 455(a), and 455(b)(1), were never intended to enable a litigant to oust a judge for adverse rulings. "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d at 1312.

The affidavit filed by plaintiff's counsel in support of the motion is clearly insufficient. Counsel alleges that I am biased against him but does not allege that I am biased against his client. The affidavit is rife with opinions, conclusions, and surmise, but is wanting in factual detail. Some of the events referred to occurred some time ago, and others have no bearing whatsoever on the present case.

Defendants have set forth a partial list of deficiencies:

(a) A *party* must file an affidavit alleging bias; an attorney's affidavit is not competent;

(b) The Weiss Affidavit alleges no bias or prejudice directed against a party or in favor of another party;

(c) A party is limited to "one ... affidavit in any case," under 28 U.S.C. § 144, yet Mr. Weiss has sought recusal three times in this matter;

(d) The Weiss Affidavit lacks a certification that it is made in good faith;

(e) The Weiss Affidavit is untimely;

(f) The Weiss Affidavit contains matter immaterial to the Motion to Recuse;

(g) The Weiss Affidavit contains scandalous, impertinent and redundant matter; and

(h) The Weiss Affidavit contains no matter relevant to the Motion to Recuse.

(Item 157 at 2) (emphasis supplied). Furthermore, in their memorandum (Item 158), defendants have discussed at length the many inadequacies of Mr. Weiss's application and have supported each point with substantial authority. Defendants have characterized it as "an encyclopedia of bald and unsupported assertions." (Item 158 at 16.) Many of his assertions are frivolous. Simply to list them will reveal their inadequacies:

Mr. Raichle's characterization of Mr. Weiss' work product as "excellent job" (¶ 4).

The accusation that the Court has a "long-standing bias" toward Mr. Weiss (¶ 6).

The accusation that the award of attorneys' fees was "unjust" (¶ 25).

The allegation that the bias of the Court "intensified" (¶ 27).

The detection of supposed bias from "grimaces and hostile responses" (¶ 28).

The speculative and hypothetical "embarrassment" that the Court will endure as a result of the foregoing accusations and allegations (¶ 29).

Item 158 at 16.

Some of the allegations are threatening in nature, and clearly have no place in an application for recusal. Mr. Weiss asserts that I have had a longstanding bias against him "because of deponent's actions in bringing to light certain conduct of Judge Curtin which constitutes a marked departure on his papt [sic] from accepted standards of Judicial Conduct." (Item 155 at ¶ 6). There is no mention of either what the conduct was or what he supposedly brought to light. Apparently, it was his intention to seek censure of this court for rulings made in the case of *Markel, et al. v. Scovill Manufacturing Company, et al.*, 471 F.Supp. 1244 (W.D.N.Y.1979) (Item 155 at ¶¶ 7–8), before the case was transferred to Judge Richard Arcara. He charges that I made false statements in an opinion in that case (¶¶ 18–19), and that I altered the record in another case (¶¶ 10–13). Such charges may be appropriate for a record on appeal or form the basis of a complaint to the Judicial Council, but they do not support a recusal motion. Although this affidavit for recusal was filed in September of 1989, I am unaware of any action taken by Mr. Weiss concerning a complaint to the Judicial Council since that time. If he desires to complain to the Judicial Counsel, he should do so promptly. In any event, his accusations are utterly false, and provide no basis for recusal.

As for my actions in the case of *Ada Mae Dowell v. General Motors Corporation*, CIV–78–840 (Item 155 at ¶¶ 10–13), the events there occurred more than ten years ago, and if they were the basis for any motion to recuse, such a motion should have been brought long ago. Mr. Weiss's assertion that I "altered the date of filing on the document" is made without any factual support and is completely untrue.

My recollection is that Ms. Dowell's papers were sent to the Clerk's Office in a timely fashion but, inadvertently, were not filed. I recall that I allowed back-dating so that the *pro se* complaint could proceed. This filing occurred at a time before this district had a *Pro Se* Law Clerk, and the Clerk's Office was inundated with many *pro se* petitions.

I will resist the temptation to comment at length upon a number of the allegations made by Mr. Weiss. Suffice it to say that he places emphasis upon particular events out of context while omitting other relevant material. Some facts are twisted, and other assertions are completely inaccurate. It is incorrect for him to say, for example, that I recused myself in *Hudson v. General Motors*, CIV–88–250 (Item 155 at ¶ 30). That case, along with many others, was transferred to Judge Arcara shortly after he came to the court to relieve my docket and to build up his.

Through the years, I have handled many cases in which Mr. Weiss represented various clients. I continue to serve in cases in which he is involved, and as recently as a few weeks ago I heard argument from him in a case pending before me. A review of the record would indicate that Mr. Weiss was successful in many of the cases urged before me—not because there was any bias on the part of the court for or against him, but simply because the facts and the law were on his side.

The history of this case shows that extensions of time were given frequently to Mr. Weiss, that on several occasions he was permitted to file motions for reconsideration, and that I permitted the discovery deadline to be extended again and again so that settlement discussions could go forward. The record thus reveals that although in this case and in others I have criticized Mr. Weiss for delays and for filing unnecessary, prolix, and repetitious motions, I have nonetheless made every effort to give him and his client their day in court. Frankly, it is the opposing parties who have suffered by having to withstand barrages of these unnecessary and often delaying tactics. The filing of a recusal mo-

tion in this case is a clear illustration of such behavior. Mr. Weiss's motion is disturbing and disruptive, and has taken a good deal of time to decide because of the "shotgun" nature of his complaints, but it forms no basis for recusal and is, therefore, denied.

### Motion for Disqualification

■ In addition to recusal, Mr. Weiss moves for disqualification of the firm of Jaeckle, Fleischmann & Mugel for the reason that Ralph Halpern, Esq., was formerly an associate of his in practice with Frank Raichle but joined the Jaeckle firm after Mr. Raichle's death. Therefore, he asserts, there is a conflict of interest that bars the Jaeckle firm from any participation in this action (Item 155 at ¶¶ 3, 5).

In response, counsel for the defendants states that there has been full disclosure of these facts to the Federal Reserve Bank and that the bank does not object to the continuation of the Jaeckle firm in this case. Furthermore, since joining the Jaeckle firm Mr. Halpern has not participated in any way in this litigation. The application for disqualification is thus denied. *Armstrong v. McAlpin*, 625 F.2d 433, 444–46 (2d Cir.1980) (en banc), *vacated and remanded on other grounds*, 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981); *Board of Education v. Nyquist*, 590 F.2d 1241 (2d Cir.1979).

### Rule 37 Sanctions

■ On December 31, 1980, I filed an extensive order (Item 51) discussing discovery up to that date and determining that, because of plaintiff's repeated violations of the discovery order, the application of defendants for attorney's fees against plaintiff would be granted. Defendants were directed to file an affidavit setting forth fees in detail. That affidavit was filed on March 6, 1981 (Item 52).

Several extensions were given to Mr. Weiss to file a response (Items 53, 56, 59). He eventually filed an untimely response on August 10, 1981 (Item 63). In his affidavit, however, Mr. Weiss did not question the amount requested by defendants' attorney or seek a hearing on the amount of fees to be awarded, but instead attempted

to reargue the motion for sanctions that had already been decided.

In my order of August 17, 1981 (Item 64), I noted that "there is a strong argument that its contents should be disregarded in their entirety." I further held:

> Without question, the tactics of plaintiff have put upon the defendants a time-consuming burden in forcing plaintiff to answer interrogatories which should have been answered some time ago without necessity of a motion to compel. However, because there appears to be duplication in defendants' critique of plaintiff's answers, there ought to be a reduction in the amount requested.

Item 64 at 3.

Rather than divert the attention of the court and counsel from resolution of the merits of the case, I decided to put off ruling on the appropriate award for attorney's fees until the end of the litigation (Item 64 at 3–4). Eventually, defendants' motion for summary judgment was granted, and on May 18, 1988, an order was issued giving plaintiffs until June 28, 1988, to file a response (Item 137).

In his response, Mr. Weiss once again failed to heed the court's direction. On June 28, 1988, instead of filing an affidavit challenging the amount of fees, Mr. Weiss filed what he characterized as "Plaintiffs' Response and Cross–Motion" (Item 140). He claimed lack of jurisdiction of the court to decide the fee request in view of the notice of appeal, and sought sanctions against defendants and their counsel and recusal of the court.

I met with counsel on July 1, 1988, and gave plaintiff until July 8, 1988, to file authority for his argument that the court lacked jurisdiction. I directed that another meeting be held on July 15, 1988 (Item 141).

After oral argument on July 15, 1988, an order was issued on July 19, 1988, denying all motions but again giving plaintiff an opportunity to file, not later than July 26, 1988, an affidavit challenging the amount of fees (Item 144). In his responding affidavit (Item 145), Mr. Weiss again argued the merits of the sanction ruling and at-

tempted to urge a cross-motion for sanctions against the defendants. He also included, finally, an analysis of the details of the fee application (*id.* at 5–8).

In the interest of the efficient use of judicial time, I decided to hold the papers until after the Court of Appeals decided the appeal from the court's order granting summary judgment to defendants. After the Court of Appeals affirmed, counsel for defendants requested, in a letter dated February 24, 1989 (Item 146), that the court issue a decision on the amount of monetary sanctions to be imposed. I gave Mr. Weiss yet another opportunity to respond (Item 149). Instead of replying, however, he made another motion to recuse (Item 150).

The letter of July 26, 1989, submitted by defense counsel (Item 151) correctly sums up the frustration that this court and counsel have had to endure due to the conduct of plaintiff's counsel in this case. The court has had an opportunity to review the original filing of Mr. Troy in support of the affidavit for attorney's fees (Item 52) in light of the objections finally filed by Mr. Weiss (Item 145). As defense counsel notes, the first objection raised by plaintiff has already been barred by prior order of the court and is obviously without merit (Item 151 at 2).

In his second objection, Mr. Weiss claims that the defendants' motion for sanctions was "a verbose 140 page Affidavit" that sets forth a " 'stream of consciousness' rather than any specific detailed objections." (Item 145 at ¶ 16.) As defense counsel notes, however, in my order of December 31, 1980, I analyzed in detail the objections made by the defendants and found that they were meritorious.

Finally, I have reviewed plaintiff's analysis of the statement of expenses and find it without merit.

The defendants are clearly entitled to the relief sought. The affidavit presented details of the hours expended and the services provided. The records were contemporaneous with the events described. Despite many opportunities to file specific objections to the fee application, plaintiff's

counsel repeatedly failed to respond directly. After a complete review of the record, I have determined that, notwithstanding my comments in the order of August 17, 1981, to which I previously referred, the application for fees shall be granted in its entirety in light of the failure of plaintiff's counsel to reply to the application in a timely manner and of the obstructive tactics to which he resorted in opposing the application.

*Rule 11 Sanctions*

Defendants have also moved for Rule 11 sanctions against Mr. Weiss for filing frivolous motions for recusal and for disqualification (Items 157–60, 162).

The standard for Rule 11 sanctions has been expressed by the Second Circuit as follows:

> [S]anctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, *or where*, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d·Cir.1985) (emphasis supplied) (footnote omitted), *on remand*, 637 F.Supp. 558 (E.D.N.Y.1986), *modified*, 821 F.2d 121 (2d Cir.), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987).

■ I have reviewed in detail the applications made by Mr. Weiss for recusal and for disqualification, and find them wholly without merit. No statutes or cases were cited in support of his position. Furthermore, as I have previously noted, a good part of the affidavits are immaterial, speculative, and threatening. I find that no reasonable attorney, especially a lawyer with Mr. Weiss's experience, could come to the conclusion that the court was biased against either him or his client. I further find that the true purpose of filing the motions was to delay and to harass.

Defendants' attorney has filed an affidavit in support of Rule 11 sanctions (Item 159) and seeks an award of $3,360.00. In *Eastway*, the Second Circuit directed that the amount of fees to be awarded should be "only that portion of a defendant's attorney's fee thought reasonable to serve the sanctioning purpose of the Rule." 821 F.2d at 123. I find that the amount sought by defense counsel is reasonable, and believe that an award in that amount would unquestionably be reasonable to serve the sanctioning purpose of Rule 11.

Mr. Weiss has failed to respond to the motion for Rule 11 sanctions, which was filed three months ago. In light of the history of this case, particularly the manner in which Mr. Weiss has ignored the orders of the court by submitting unresponsive and, at times, frivolous responses, he shall not be given any further opportunity to respond. The defendants thus shall be awarded the full amount requested.

■ Although I indicated in my order of August 17, 1981, that the Rule 37 sanctions would not be imposed on Mr. Weiss personally (Item 64 at n. 1), it is apparent that he interpreted that as a license to continue submitting unresponsive and otherwise improper filings and to delay this case unnecessarily. In light of similar actions by Mr. Weiss in other cases, I have no reason to believe that his client here encouraged or sanctioned this conduct. Fairness thus dictates that Mr. Weiss's client should not bear the brunt of any of the sanctions imposed herein, particularly in light of the fact that Mr. Weiss's papers contained accusations based on alleged actions or events in other cases involving Mr. Weiss but not involving this client. The court has no reason to believe that the plaintiff in this case had any knowledge of those cases independent of information supplied by Mr. Weiss. In addition, the court believes that imposing the sanctions against Mr. Weiss's firm would not sufficiently deter Mr. Weiss in the future from engaging in the type of conduct that has resulted in the imposition of sanctions in this case. Consequently, payment of both Rule 37 sanctions and Rule 11 sanctions shall be borne by Mr. Weiss personally rather than by the plaintiff or by the law firm of Raichle, Banning,

Weiss, & Stephens. *Pavelic & LeFlore v. Marvel Entertainment Group,* — U.S. ——, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989). I do not take this action because I consider Mr. Weiss's conduct a personal affront. Rather, I do so because I have a duty to uphold the dignity of this court, and to take those actions necessary to make clear that conduct such as that displayed by Mr. Weiss in this case, which serves only to obstruct the just and efficient adjudication of cases, will neither be condoned nor ignored.

In sum, the plaintiff's motions for recusal and for disqualification of the firm of Jaeckle, Fleischmann & Mugel are denied. The application of the Federal Reserve Bank and John T. Kean for attorney's fees in the sum of $12,705.15 is granted. The defendants' motion for Rule 11 sanctions in the amount of $3,360.00 is also granted. The plaintiff's cross-motion for sanctions against the defendants is denied.

So ordered.