**Brian Lewis MARTIN, Petitioner**

v.

**Robert FARLEY, and Pam Carter, Respondents.**

**No. 3:93cv0168 AS.**

United States District Court, N.D. Indiana, South Bend Division.

June 9, 1993.

Brian Lewis Martin, pro se.

Michael A. Hostettler, Indianapolis, IN, for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On March 10, 1993, *pro se* petitioner, Brian Lewis Martin, an inmate at the Indiana State Prison, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed by the respondents on May 27, 1993, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). The court has examined the petitioner's 12–page Traverse filed on June 3, 1993, which is in excellent legal form and quite lawyerlike. The state court record has been filed and examined pursuant to the mandates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

This petitioner was convicted of attempted escape from the Indiana State Prison as a result of a jury verdict in the LaPorte Superior Court, and was sentenced on April 27, 1990, to a term of eight years imprisonment therefor. A direct appeal was taken to the Court of Appeals of Indiana, and the Third District of that court, speaking through Judge Garrard on August 28, 1991, entered an unpublished memorandum decision affirming the aforesaid conviction in which Chief Judge Ratliff and presiding Judge Hoffman concurred. No further state court proceedings have been held.

Justice Stewart, speaking for the Supreme Court of the United States in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), stated:

> A judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is of course entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. But Congress in § 2254 has selected the federal district courts as precisely the forums that are responsible for determining whether state convictions have been secured in accord with federal constitutional law. The federal habeas corpus statute presumes the norm of a fair trial in the state court and adequate state postconviction remedies to redress possible error. See 28 U.S.C. § 2254(b), (d). What it does not presume is that these state proceedings will always be without error in the constitutional sense. The duty of a federal ha-

beas corpus court to appraise a claim that constitutional error did occur—reflecting as it does the belief that the "finality" of a deprivation of liberty through the invocation of the criminal sanction is simply not to be achieved at the expense of a constitutional right—is not one that can be so lightly abjured.

*Id.* at 323, 99 S.Ct. at 2791. The Supreme Court in *Jackson* held:

We hold that in a challenge to a conviction brought under 28 U.S.C. § 2254—if the settled procedural prerequisites for such a claim have otherwise been satisfied—the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt.

*Id.* (footnote omitted). *See also Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Dooley v. Duckworth,* 832 F.2d 445 (7th Cir.1987), *cert. denied,* 485 U.S. 967, 108 S.Ct. 1239, 99 L.Ed.2d 438 (1988); *United States ex rel. Haywood v. O'Leary,* 827 F.2d 52 (7th Cir.1987); *Bryan v. Warden, Indiana State Reformatory,* 820 F.2d 217 (7th Cir.1987), *cert. denied,* 484 U.S. 867, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987); *Shepard v. Lane,* 818 F.2d 615 (7th Cir.), *cert. denied,* 484 U.S. 929, 108 S.Ct. 296, 98 L.Ed.2d 256 (1987); and *Perri v. Director, Department of Corrections,* 817 F.2d 448 (7th Cir.), *cert. denied,* 484 U.S. 843, 108 S.Ct. 135, 98 L.Ed.2d 92 (1987).

A review of the record in the light most favorable to the prosecution convinces the court that a rational trier of fact could readily have found the petitioner guilty beyond a reasonable doubt of attempted escape.

■ Following *Jackson, supra,* there is an increasingly long line of cases in this circuit that suggest that the facts found by the highest court of a state are presumed correct. The most recent statement of that principle is found in *Andersen v. Thieret,* 903 F.2d 526, 531 (7th Cir.1990).

■ It needs to be emphasized that this court does not sit as a trial de novo in state court criminal proceedings and does not sit as a court of general common law review.

The collateral review that is envisioned by § 2254 focuses on violations of the federal Constitution. *See Bell v. Duckworth,* 861 F.2d 169 (7th Cir.1988), *cert. den.,* 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989).

■ The more troubling problem in this record relates to an incident that occurred during the trial in the LaPorte Superior Court. Apparently, this petitioner had a loud verbal disagreement with one of the correctional officers in whose custody he was being held during a lunch recess of that trial. The subject matter was demands with regard to the petitioner's religious dietary needs. A juror overheard this petitioner yelling as she was sitting in the hallway outside the courtroom. Quite appropriately, the state trial judge dealt with the problem immediately and the record manifests a conscientious effort on his part to deal with a situation that was at least in part if not wholly created by the petitioner.

There is no question that the management of jurors during a criminal trial is one that must be approached by a trial judge with great sensitivity. This court has also been sensitive to these kinds of incidents as reflected in *Osborne v. Duckworth,* 567 F.Supp. 427 (N.D.Ind.1983), but that opinion was reversed in an unpublished Order. *See* 757 F.2d 1292 (7th Cir.1985). To this court, the situation here is far less egregious than it was in *Osborne.*

Although not binding on this court, the Indiana Court of Appeals memorandum decision deals with this question under state law principles and finds no reversible error. Obviously, this court must examine the issue under the due process clause of the Fourteenth Amendment of the Constitution of the United States.

One of the salient facts here unlike that in *Osborne,* is that this outburst was a voluntary act of this petitioner which is far different than the involuntary act of permitting a juror to see a defendant in a criminal case in handcuffs. When one looks at the federal authorities that were quoted by this court in *Osborne,* and examines this record in terms of those authorities, this court has no difficulty whatsoever in coming to the conclusion

that there was no constitutional violation in this instance. This is done without violating the appellate rule on citing unpublished opinions. If this species of voluntary conduct were established as a precedent for a mistrial, a criminal defendant could engage in egregious conduct with the hope that the same would be overheard by some member of the jury and then establish a basis for a mistrial.

 It also needs to be emphasized that this court does not sit to correct errors of law that are purely under state law. *See Estelle v. McGuire,* 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). With all deference, the standard to which this court must adhere is established in the Constitution of the United States and not specifically in Article I, Section 13 of the Constitution of Indiana, although there may well be parallel provisions in the Constitution of the United States. Although the memorandum of the Attorney General on behalf of the respondents does not address the issue of judicial bias, Argument II of the Traverse filed on June 3, 1993, apparently attempts to show judicial bias.

There are important parallel provisions in the federal statutes and cases which deal with the subject of judicial disqualification.

Title 28 U.S.C. § 144 states:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

As amended May 24, 1949, c. 139, § 65, 63, Stat. 99.

*United States v. Sibla,* 624 F.2d 864, 868 (9th Cir.1980), provides that a motion brought under § 144 will raise a question concerning recusal under § 455(b)(1) as well; the test for personal bias or prejudice is the same in both. Section 455 modifies § 144 in requiring the judge to go beyond the § 144 affidavit and consider the merits of the motion pursuant to § 455(a) and (b)(1).

*United States v. Bryant,* 716 F.2d 1091 (6th Cir.1983), also provides that §§ 144 and 455 must be construed together, and that disqualification under § 455(a) must be predicated as previously under § 144, upon *extra judicial conduct,* rather than *judicial conduct* [citing *City of Cleveland v. Krupansky,* 619 F.2d 576 (7th Cir.1980) ].

*United States v. International Business Machines Corporation,* 475 F.Supp. 1372 (S.D.N.Y.1979) (hereafter *I.B.M.*), is an important object lesson provided by Judge David N. Edelstein, who presided over one of the federal judiciary's longest and most complicated antitrust trials, in the middle of which the defendant, not pleased with various rulings of Judge Edelstein, tried to require his recusal. The aforesaid case was affirmed in *In re International Business Machines Corporation,* 618 F.2d 923 (2d Cir. 1980). The holding in the *I.B.M.* case is that to be legally sufficient, an affidavit under § 144 must enable the judge to rule "whether the reasons and facts stated in the affidavit give fair support to the charge of a bent of mind that might impede the impartiality of the judgment" (p. 1379) [citing *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921) ].

 The aforesaid affidavit under § 144 must allege specific facts and not mere conclusions or generalities. A United States district trial judge is presumed impartial, and a substantial burden is imposed on the affiant to demonstrate that such is not the case. Only after a judge finds a legal sufficient claim of personal bias must another judge be assigned to the case (p. 1379).

In *New York City Development Corp. v. Hart,* 796 F.2d 976 (7th Cir.1986), it is held that § 455(a) requires disqualification only when a judge's decision might "reasonably"

be questioned. The inquiry is objective, from the point of view of a reasonable person with access to all of the facts. *Id.* at 980.

In *Union Carbide Corp. v. U.S. Cutting Service, Inc.,* 782 F.2d 710 (7th Cir.1986), a case which involved District Judge Getzendanner, it was stressed that the test is whether an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought, would entertain a significant doubt that justice would be done in the case [citing *Pepsico, Inc. v. McMillen,* 764 F.2d 458, 460 (7th Cir.1985) ]. *See also United States v. Murphy,* 768 F.2d 1518, 1538 (7th Cir.1985). In *United States v. Hillsberg,* 812 F.2d 328, 335 (7th Cir.1987), it was held that "facts learned by a judge in his judicial capacity cannot be the basis for disqualification." *United States v. Patrick,* 542 F.2d 381, 390 (7th Cir.1976), *cert. denied,* 430 U.S. 931, 97 S.Ct. 1551, 51 L.Ed.2d 775 (1977). In *United States v. Widgery,* 778 F.2d 325 (7th Cir.1985), the court found that a judge's knowledge of disputed evidentiary facts is not enough to disqualify him or her unless such knowledge is attributable to an extra-judicial source (p. 328.) In *United States v. Harris,* 542 F.2d 1283 (7th Cir.1976), a case in which this Judge acted as the district trial judge, it was held that a judge's exposure to evidence presented at an earlier trial involving the same defendant does not *per se* create bias (p. 1304). Again, in *United States v. Jeffers,* 532 F.2d 1101 (7th Cir.1976), the Court of Appeals at page 1112 stated:

> The two basic facts presented by the defendant's motion are 1) that Judge Sharp had presided and would preside over numerous trials concerning alleged Family members, and 2) that Judge Sharp presided at the defendant's prior trial. The defendant alleged no facts which directly showed Judge Sharp's bias, but relied only on the inference that the intimate connection with the defendant's prior trial and other Family trials would create bias.

We have dispatched this type of claim before. In *United States v. Dichiarinte,* 445 F.2d 126, 132 (7th Cir.1971), Judge Swygert wrote:

> The fact that the judge might have formed an opinion concerning the guilt or innocence of the defendant from the evidence presented at an earlier trial involving the same person is not the kind of bias or prejudice which requires disqualification.

*Accord, Wolfson v. Palmieri,* 396 F.2d 121 (2d Cir.1968). Similarly, "inferences drawn from prior judicial determinations are insufficient grounds for recusal because it is the duty of the judge to rule upon issues of fact and law and questions of conduct which happen to form a part of the proceedings before him." *United States v. Partin,* 312 F.Supp. 1355, 1358 (E.D.La.1970).

Many of the aforesaid authorities have previously been summarized by this court in *McChristion v. Hood,* 551 F.Supp. 1001 (N.D.Ind.1982). The Court of Appeals has also dealt with this subject in *In the Matter of: National Union Fire Insurance of Pittsburgh, Pennsylvania and Allstate Insurance Company,* 839 F.2d 1226 (7th Cir.1988). *See also United States v. Barnes,* 909 F.2d 1059 (7th Cir.1990). For an application of 28 U.S.C. § 144 in a lighter vein, see *Huff v. Standard Life Insurance Company,* 643 F.Supp. 705 (S.D.Fla.1986). *See also Person v. General Motors Corporation,* 730 F.Supp. 516 (W.D.N.Y.1990). For an example of where judicial disqualification exists, see *United States v. Pepper & Potter, Inc.,* 677 F.Supp. 123 (E.D.N.Y.1988). But compare *Grand Entertainment Group, Ltd. v. Arazy,* 676 F.Supp. 616 (E.D.Pa.1987).

In *Hadler v. Union Bank and Trust Co. of Greenburg,* 765 F.Supp. 976 (S.D.Ind.1991), Judge Tinder held that a judge's friendship with a witness who had a financial stake in the outcome of the action and whose credibility would be at issue in a case tried by the court warranted recusal.

In *United States v. Troxell,* 887 F.2d 830 (7th Cir.1989), Judge Coffey stated:

> "The fact that knowledge of the defendant was gained in separate courtroom proceedings presided over by the same judicial officer does not alter the judicial character of the knowledge. *United States v. Dichiarinte,* 445 F.2d 126, 132 (7th Cir.1971).

Judge Mills' decision to proceed with the case was proper."

*See also Greater Buffalo Press v. Federal Reserve Bank,* 129 F.R.D. 462 (W.D.N.Y. 1990).

In *United States of America ex rel. John Britz v. James Thieret,* 737 F.Supp. 59 (C.D.Ill.1990), Judge Richard Mills held that there was no appearance of impropriety warranting recusal when a district judge, who was a member of a state appellate panel that reversed the petitioner's original conviction, presided over the petitioner's habeas petition challenging a second conviction for the same offense.

In *Spangler v. Sears, Roebuck & Co.,* 759 F.Supp. 1327 (S.D.Ind.1991), Judge Tinder ruled that language in a published opinion that was critical of counsel was not a basis to require recusal absent showing there was extrajudicial source for the court's alleged bias and that bias is pervasive.

In *United States v. Kehlbeck,* 766 F.Supp. 707 (S.D.Ind.1990), Judge Tinder held that the defendant was not entitled to recusal of judge for actual bias under § 144, and further held that the defendant was not entitled to recusal of judge for appearance of bias under § 455(a).

■ Fully realizing that the federal standards are not written in constitution stone to be rigidly applied to state court criminal proceedings, the only conduct which is referenced here with regard to the state trial judge has to do with his conduct of the trial, and specifically, his questioning of the defendant-petitioner when the defendant-petitioner testified. The record simply fails to disclose anything other than a state trial judge conscientiously trying to conduct a state criminal trial.

Judge Garrard's memorandum decision entered on August 28, 1991, clearly reflects the disdain that the courts of Indiana have in reference to a trial judge asking questions of a witness before a jury. No objections were made at the time and the state court of appeals found a specific waiver which would trigger procedural default.

There are occasions when even federal district trial judges get in trouble for excessive questioning. *See Rocha v. Great American Ins. Co.,* 850 F.2d 1095 (6th Cir.1988). This state trial judge did not come close to doing what Judge Jones castigated Judge Will for in *Rocha.* There is no federal constitutional violation here.

When it is all said and done, and after a careful and independent review of the record under *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), this court fails to find merit to any of the alleged basis for relief under 28 U.S.C. § 2254. The petition is, therefore, **DENIED. IT IS SO ORDERED.**