Thomas **FARKAS, Michael Mak, Pete Mak, Thomas Medora, John Querim, Rafael Rosado** and **John Toma,** Plaintiffs,

v.

William **ELLIS,** Defendant.

No. 91 Civ. 182 (WCC).

United States District Court, S.D. New York.

Aug. 2, 1991.

Thomas Farkas, pro se.
Michael Mak, pro se.
Peter Mak, pro se.
Thomas Medora, pro se.
John Querim, pro se.
Rafael Rosado, pro se.
John Toma, pro se.
William S. Ellis, pro se.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

This action is presently before the Court on plaintiffs' motion for recusal and replacement of Judge William C. Conner. For the reasons stated hereinafter, the motion is denied.

## DISCUSSION

### Allegations of Bias and Prejudice

■ A party may move that a judge disqualify himself pursuant to 28 U.S.C. §§ 144, 455. Section 144 requires that the affidavit in support of the motion be "sufficient" and timely. This Court does not question the timeliness of plaintiffs' affidavit and motion. The requirement of legal sufficiency has been interpreted to mean a judge must rule whether the reasons and facts stated in the affidavit "give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger v. United States*, 255 U.S. 22, 33–34, 41 S.Ct. 230, 233, 65 L.Ed. 481 (1921); *United States v. International Business Machines Corp.*, 475 F.Supp. 1372, 1379 (S.D.N.Y.1979), *aff'd* 618 F.2d 923 (2d Cir.1980) (hereafter *"IBM"*). The affidavit must "show a true personal bias, and must allege specific facts and not mere conclusions or generalities." *Brotherhood of Locomotive Firemen and Enginemen v. Bangor and Aroostook R. Co.*, 380 F.2d 570, 576 (D.C.Cir.), *cert. denied*, 389 U.S.

327, 88 S.Ct. 437, 19 L.Ed.2d 560 (1967). Moreover, the judge is presumed to be impartial, *Wolfson v. Palmieri*, 396 F.2d 121, 126 (2d Cir.1968), and a substantial burden is imposed on the affiant to demonstrate that such is not the case.

■ Under 28 U.S.C. § 144, the court cannot inquire into the truth of the matters alleged but must accept them as true for the purpose of ruling upon their legal sufficiency, however unfounded they may be in fact. *Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921). This statutory obligation, however, does not preclude the court from putting the facts alleged into their proper context and examining the surrounding circumstances. *Rosen v. Sugarman*, 357 F.2d 794 (2d Cir. 1966); *IBM*, 475 F.Supp. at 1379–80.

■ The allegations set forth in plaintiffs' affidavit are as follows:

1. Judge Conner asked the permission of defendant to decide Claim 255.[1]

2. Judge Conner allowed the New York Times ("Times"), a non-party, to be present at the conference.[2]

3. James Baker, a Times employee, was disrespectful during the conference by making lewd hand gestures and offensive vocal insults. Judge Conner did not attempt to quell this disruption.[3]

4. Judge Conner allowed the attorney for the Times to take up the conference with irrelevant matters which Judge Con-

---

**1.** Plaintiffs sought to have Claim 255, to which they are parties, decided on an expedited basis. This Court, recognizing that the claims arising under the Consent Decree in *Patterson v. Newspaper and Mail Deliverers' Union*, 384 F.Supp. 585 (S.D.N.Y.1974) *aff'd*, 514 F.2d 767 (2d Cir. 1975) *cert. denied* 427 U.S. 911, 96 S.Ct. 3198, 49 L.Ed.2d 1203 (1976), often contain overlapping issues, sought the opinion of Mr. Ellis, appointed by the Court in 1974 to implement the provisions of the Consent Decree and to supervise its performance, as to the separability of the issues in Claim 255 and Claim 186. Claim 186 is also pending before this Court and was on the docket ahead of Claim 255. Mr. Ellis responded that, in his opinion, the issues in Claims 255 and 186 were separable. This Court subsequently reached the same conclusion and decided Claim 255, as plaintiffs requested. Seeking Mr. Ellis' opinion as Administrator as to the separability of claims can hardly be characterized as seeking

his permission to decide a case. Nor can it, as plaintiffs assert, be considered an indication of "the court's dependence for approval by [sic] the Administrator and the Times, a non-party."

**2.** As this Court observed at the time, all proceedings and conferences before it are matters of public record and are open to the public. Plaintiffs do not make a case for prejudice by citing the presence of the Times at such a conference even assuming that the Court had given plaintiffs "assurances" that the Times would not be there. When asked who would be attending the conference, this Court responded that plaintiffs and Mr. Ellis were expected; this in no way constitutes an "assurance" that the Times would not be present.

**3.** Neither the judge nor his law clerk, who attended the conference, saw any such gestures.

ner indicated would have a bearing on the claim.[4]

5. Judge Conner said that he would not award plaintiffs their proposed remedy of placement on the Times' Group I list because of a possibility of similar actions from a group of like workers who would seek the same kind of action.[5]

6. Judge Conner terminated the conference abruptly to go to another conference that involved Union workers for the same hiring positions at the Times. Plaintiffs had requested that their hiring positions be frozen. Such action is alleged to show a predilection toward the Union workers and a bias toward the plaintiffs.[6]

Plaintiffs, in their Reply Memorandum, cite the Administrator's "working relationship" with Judge Conner for "at least the last twelve years" as further evidence of bias.[7] Finally, plaintiffs allege that their "Fourteenth Amendment rights of Due Process have been violated not by the court's adverse rulings, but by its prejudgments of worker's merit on cause of action and evidence from initial notice of review."

▓▓▓ Under sections 144 and 455(b)(1) alleged bias and prejudice claimed to disqualify a judge must stem from an extrajudicial source.[8] *IBM*, 475 F.Supp. at 1380. As the Court noted in *IBM*:

This Court understands *Wolfson* to mean that comments and rulings by a judge may be considered as some evidence of bias or prejudice *only* if it is made explicit in such comments and rulings themselves that the bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits *on some basis other than what the judge has learned from his participation in the case.*" It is only in this sense that judicial comments and rulings "may well be relevant" to show extrajudicial bias or prejudice.

*IBM*, 475 F.Supp. at 1381 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)) (emphasis supplied). Plaintiffs offer merely judicial acts and statements and a conclusory charge that such allegations "indicate[ ] a bias and prejudice against plaintiffs in this action that prevents the impartial and fair judgment requirement in the handling of the entire life of a Federal suit." The facts alleged in plaintiffs' affidavit, even if true, would fail to establish that the alleged bias and prejudice is extrajudicial in nature. Such a failure is fatal to plaintiffs' motion under 28 U.S.C. § 144 and 28 U.S.C. § 455(b)(1).

Plaintiffs argue that the "extra-judicial" standard adopted by this Court in *IBM* is incorrect and that in its place the Court

---

4. The Court does not know what "irrelevant matters" are referred to and does not believe that any irrelevant matters affected its decision on Claim 255.

5. The Court announced no decision at the conference, but merely indicated that giving plaintiffs the relief they sought would adversely affect others.

6. While I did terminate the conference after about 45 minutes to preside over a settlement conference involving the Newspaper and Mail Deliverers' Union of New York and Vicinity ("NMDU"), for which I was already late, such "termination" reflects no more than a concern for the orderly administration of my conference schedule and can hardly be said to exhibit a "predilection" for one group over another. Judicial case management is left to the discretion of the trial court and does not provide a basis for recusal. *See Johnson v. Trueblood,* 629 F.2d 287, 291 (3d Cir.1980), *cert. denied,* 450 U.S. 999, 101 S.Ct. 1704, 68 L.Ed.2d 200 (1981).

7. Such "working relationship" consists of formal contact between this Court, acting in its judiciary capacity, and Mr. Ellis as Administrator under the Consent Decree. Plaintiffs' mere conclusory speculation of bias lacks any factual support. Plaintiffs do not attempt "to establish or identify any personal connection, relationship or extrajudicial incident which accounts for the alleged personal animus of the trial judge." *IBM,* 618 F.2d at 928.

8. While the Second Circuit has recognized that section 455(a), as amended, creates "'a greater flexibility in determining whether disqualification is warranted in particular situations,'" *United States v. Wolfson,* 558 F.2d 59, 63 (2nd Cir.1977), it is clear that by amending section 455 Congress intended to transfer the extrajudicial bias limitation contained in section 144 to section 455(b)(1). *United States v. Coven,* 662 F.2d 162, 168 (2d Cir.1981), *cert. denied,* 456 U.S. 916, 102 S.Ct. 1771, 72 L.Ed.2d 176 (1982).

must adopt a "reasonable man" standard. In fact, the two standards are interrelated. Section 455 establishes an objective test for disqualification of a judge: whether a reasonable person knowing and understanding all relevant facts would conclude that the judge's impartiality might reasonably be questioned.

■ Section 455(a) does not contain the term "personal" found in section 455(b)(1) and the Second Circuit Court has therefore ruled that it is not an absolute requirement that the disqualifying bias spring from an extrajudicial source, although the source of bias remains a relevant consideration.[9] *United States v. Coven*, 662 F.2d at 168; *Lamborn v. Dittmer*, 726 F.Supp. 510 (S.D.N.Y.1989). While it is possible for trial-related events to make out a sufficient case for recusal under section 455(a), courts have generally denied motions for recusal where the facts allegedly showing prejudice are all trial-related. *IBM, supra,* 618 F.2d at 929; *King v. United States,* 576 F.2d 432, 437 (2d Cir.1978), *cert. denied,* 439 U.S. 850, 99 S.Ct. 155, 58 L.Ed.2d 154 (1978); *United States v. Schwartz,* 535 F.2d 160, 165 (2d Cir.1976), *cert. denied,* 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 581 (1977); *United States v. Bernstein,* 533 F.2d 775, 784–85 (2d Cir.1976), *cert. denied,* 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976).

■ Section 455(a) does not require that I accept all allegations of the moving party as true, *United States v. Greenough,* 782 F.2d 1556, 1558 (11th Cir.1986), and, as noted above, most if not all allegations are without any basis in fact.[10] The Court finds that plaintiffs have not established prejudice under section 455(a) because no reasonable person, knowing and understanding all the relevant facts, would conclude that there is even an appearance of partiality.

■ There is as much obligation upon a judge not to recuse himself when there is no occasion for him to do so as there is for him to do so when there is. *Wolfson v. Palmieri,* 396 F.2d 121, 124 (2d Cir.1968). Whether examined individually or in the aggregate, plaintiffs' allegations demonstrate no extrajudicial bias or prejudice on the part of the court. This Court has no interest in the outcome of this case other than the interest of every judicial officer that the truth be discovered and the law correctly applied. Plaintiffs' motion to recuse is therefore denied.

*Jurisdiction of the Court*

■ The complaint states that:

[T]his suit is brought under 5 U.S.C. section 702 and 5 U.S.C. section 706(1) and (2) a, d, and f. The jurisdiction is brought under 28 U.S.C. section 1331.

The sections of the Code relied upon by plaintiffs, 5 U.S.C. §§ 702 and 706, refer to judicial review of agency actions and are inapplicable to the case at bar. Mr. Ellis, as Administrator under a consent decree, is not an "agency" of the United States Government as defined in 5 U.S.C. § 701. Plaintiffs, having lost on their direct appeal to the Court from the Administrator's ruling against them in Claim 255, attack that decision collaterally under the guise of an action against him under two statutes providing for judicial review of agency action. Because these statutes are clearly inapplicable, and there is apparently no diversity or other ground of federal jurisdiction,

---

**9.** In *United States v. Coven,* 662 F.2d at 168, the Second Circuit re-affirmed its holding in *United States v. Wolfson,* 558 F.2d at 63, which, when referring to section 455(a), stated:

we do not read the authorities [interpreting "personal" as extrajudicial] as holding that a judge's conduct of proceedings before him can *never* form the basis for finding bias. *United States v. Coven* is in opposition to *IBM,* 618 F.2d 923, although it did not explicitly overrule it.

Previously, *IBM,* 618 F.2d at 929, held that "under section 455(a) the bias to be established must be extrajudicial and not based on in-court rulings." Other circuits have held that under both section 144 and section 455 the alleged bias must be personal and extrajudicial. *See, e.g., Davis v. Board of School Commissioners,* 517 F.2d 1044, 1052 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

**10.** It should be noted that many of plaintiffs' factual contentions are disputed in the affidavit filed by defendant.

plaintiffs are ordered to show cause before this Court on the 13th day of September, 1991, at 11:45 a.m. in Room 1902, United States Courthouse, Foley Square, New York, New York why this action should not be dismissed for want of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for recusal is denied and plaintiffs are ordered to show cause why this action should not be dismissed for want of jurisdiction.

SO ORDERED.