UNITED STATES of America,

v.

Joseph OCCHIPINTI, Defendant.

No. 91 CR. 0168 (CBM).

United States District Court,
S.D. New York.

Oct. 25, 1993.

524

---

## OPINION

MOTLEY, District Judge.

This action is presently before the court on petitioner's motion for recusal and transfer of his case from the Southern District of New York. For the reasons stated herein, his motion is denied.

### BACKGROUND

Petitioner Joseph Occhipinti is a former Supervisory Special Agent with the Immigration and Naturalization Service (INS). In 1991, petitioner was indicted by a grand jury for conducting interrogations and searches in violation of the Fourth Amendment, seizing large amounts of cash and merchandise for his own profit, and falsifying reports covering up his illegal behavior.

Following a four-week jury trial, Occhipinti was convicted of conspiring to violate civil rights while acting under color of law in violation of 18 U.S.C. § 242 and making false statements in official reports in violation of 18 U.S.C. § 1001. His conviction was upheld by the Second Circuit Court of Appeals.[1] On January 15, 1993, after serving seven months

---

1. *United States v. Joseph Occhipinti,* No. 91–1681      (2d Cir. May 21, 1992).

of a thirty-seven month sentence, former U.S. President George Bush commuted his sentence to time served.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, petitioner has moved for a new trial based on "new evidence" obtained after his conviction. He has also moved under 28 U.S.C. §§ 144 and 455 that I recuse myself from deciding his motion. To support petitioner's motion, counsel has appended a six-page certification (as opposed to an affidavit as required under § 144) raising several allegations and ultimately requesting that I "recuse myself from this matter, as well as ... transfer ... this matter from the Southern District of New York to another District Court." (Certification of Anthony J. Pope, Esq. in support of Petitioner's Motion for Recusal, ¶ 1 ("Pope Cert.")). After carefully considering the allegations raised, his motion for recusal is denied.

## DISCUSSION

### I. Motion to Recuse

28 U.S.C. § 144 requires recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor or any adverse party...." It further requires that the affidavit "state the facts and reasons for the belief that bias or prejudice exists" and be "accompanied by a certificate of counsel of record stating that it is made in good faith."

Similarly, § 455 provides in pertinent part: "Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," such as "[w]here he has a personal bias or prejudice concerning a party...." 28 U.S.C. §§ 144, 455(b)(1) (1993).

■ While courts have generally considered § 455 broader in application than its counterpart, the analysis and standards under both sections are the same. *See Apple v. Jewish Hospital and Medical Center*, 829 F.2d 326, 333 (2d Cir.1987) (§§ 144 and 455 should be read *in pari materia*). For in-

stance, both sections require that the alleged personal bias or prejudice stem from an extrajudicial source. *King v. United States*, 434 F.Supp. 1141, 1144 (S.D.N.Y.1977), *aff'd*, 576 F.2d 432 (2d Cir.), *cert. denied*, 439 U.S. 850, 99 S.Ct. 155, 58 L.Ed.2d 154 (1978). Moreover, the standard for recusal under both § 144 and § 455 is whether a reasonable person, knowing and understanding all relevant facts, would recuse the judge. *Person v. General Motors Corp.*, 730 F.Supp. 516, 518 (W.D.N.Y.1990); *Allen–Myland v. International Business Machines*, 709 F.Supp. 491, 493 (S.D.N.Y.1989) (quoting *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2d Cir.1988)).

■ When considering a recusal motion, this District has consistently held that a judge must accept all factual allegations raised in the affidavit as true, even if she knows them to be false. *Blank v. Sullivan*, 418 F.Supp. 1, 2 (S.D.N.Y.1975) (Motley, J.). However, this does not prohibit the court from inquiring into the legal sufficiency of the affidavit, and if the allegations are found insufficient as a matter of law, the judge has a duty *not* to recuse herself. *Id. See also, National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir.1978), *cert. denied*, 439 U.S. 1072, 99 S.Ct. 844, 59 L.Ed.2d 38 (the mere filing of an affidavit does not result in automatic recusal; the judge has a duty to inquire into the legal sufficiency of the complaint); *King*, 434 F.Supp. at 1144 (judge has a duty to pass on the legal sufficiency of the complaint). The affidavit must "show a true personal bias and allege specific facts" as opposed to mere conclusions and generalizations. *United States v. International Business Machines*, 475 F.Supp. 1372, 1379 (S.D.N.Y.1979) [hereinafter *IBM*]. Moreover, the judge is presumed to be impartial and a substantial burden is imposed on the affiant to prove otherwise. *Farkas v. Ellis*, 768 F.Supp. 476, 478 (S.D.N.Y.1991); *IBM*, 475 F.Supp. at 1379.

Even if this court accepts the petitioner's allegations as true, they do not support a finding of personal bias or prejudice under either § 144 or § 455 for three important reasons. First, petitioner has submitted an

untimely affidavit that fails to conform to the requirements established under § 144. Second, while he alleges that my personal bias against him stems from a "personal relationship" between myself and the former Assistant United States Attorney assigned to this case, Mr. Jeh Johnson, he has raised no facts to support this conclusory allegation. Finally, the remaining allegations are based solely on my trial rulings and conduct, evidence which cannot be used to substantiate a recusal motion.

## A. Procedural Defects

■ Although the substantive tests for bias under §§ 144 and 455 are identical, the procedural requirements are different: § 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit accompanied by a certification that the affidavit has been filed in good faith. 28 U.S.C. § 144 (1993); *Lamborn v. Dittmer*, 726 F.Supp. 510, 514 (S.D.N.Y.1989). As many courts have held, these procedures must be strictly followed and if there is any deviation, the motion should be denied. *Id.; United States v. Johnpoll*, 748 F.Supp. 86, 88 (S.D.N.Y. 1990).

■ It is well-established that a motion for recusal should be filed "at the earliest possible moment after obtaining facts demonstrating a basis for recusal.[2]" *Dittmer*, 726 F.Supp. at 514; *Apple*, 829 F.2d at 333. Further, courts have considered four factors in determining the timeliness of a disqualification motion: (1) whether the movant has substantially participated in trial or pre-trial proceedings; (2) whether granting the motion would represent a waste of judicial resources, (3) whether the motion was made after the entry of judgment, and (4) whether the movant can demonstrate good cause for delay. *Apple*, 829 F.2d at 334.

Petitioner states that my "prejudice, bias and/or lack of impartiality mandat[e] recusal" because it "stems from extra judicial [sic] sources." (Pope Cert. ¶ 5). Yet, this accusation is based primarily on an alleged "social and personal relationship" between myself and former Assistant U.S. Attorney Jeh Johnson, my former "law clerk." Interestingly enough, while petitioner mentions obtaining this information from the "trial record," he neglects to accurately acknowledge that he actually learned of this "relationship" at the first pre-trial conference held in this matter.[3]

■ Clearly, petitioner's motion is untimely. As early as March 1991, Occhipinti and

2. While § 455 has no procedural requirement, prior courts have considered the timeliness of a motion under this section in cases where a party has moved for disqualification under §§ 144 and 455. *United States v. Wallach*, 788 F.Supp. 739, 741 (S.D.N.Y.1992); *IBM*, 475 F.Supp. at 1377.

3. More specifically, at the first pre-trial conference in this case held on March 20, 1991, Mr. Johnson informed this court of our former association:

MR. JOHNSON: May I say something?

THE COURT: Yes.

MR. JOHNSON: First of all, before I forget, I should disclose to Mr. Mordkofsky that ten years ago I was a student clerk for your Honor in your Honor's chambers, when I was in law school, for a day and a half a week for one semester, and I also should disclose for the record, out of an abundance of caution, that I believe your Honor and an uncle of mine went to college together at around the same time.

THE COURT: That must have been about 50 years ago.

MR. JOHNSON: There is probably a statute of limitations on that kind of thing, but the point I wanted to make is that this is a relatively straightforward case although its a 25–count indictment.

MR. MORDKOFSKY: While the government attorneys are doing their calculation, I would like to know whether this Court has any reaction to the disclosure by Mr. Johnson, whether the Court feels there is any reason to respond or whether it's something that we should forget about.

THE COURT: No, I don't think there is any problem. Mr. Johnson, you were a student clerk when?

MR. JOHNSON: Fall of 1981.

THE COURT: Ten years ago, just about. I don't think so, Mr. Mordkofsky. I have tried cases where I have had former law clerks before me. Mr. Johnson was with me weeks. I don't think there should be a problem.

MR. MORDKOFSKY: Yes, your Honor.

THE COURT: Ten years is a long time. I do know a member of his family.

MR. MORDKOFSKY: I assume your Honor is the best judge of that.

his counsel[4] knew about my former association with Mr. Johnson because it was fully disclosed on the record at the first pre-trial conference. However, not once during the ensuing trial did petitioner allege that this court exhibited personal bias or prejudice either against himself or in favor of Mr. Johnson. After the conclusion of a four-week trial and subsequent appeal, petitioner only now raises issues that should have been addressed almost two years ago.

▇▇▇ Additionally, a careful reading of § 144 clearly shows that a motion for recusal should be accompanied by *both* a factual affidavit and a separate certificate that the affidavit was made in good faith. Totally disregarding the statute, petitioner offers a single "Certification" which purports to satisfy the requirements of § 144. Moreover, while petitioner's counsel states that the allegations which he has raised are true and acknowledges that if they are "wilfully false, [he] is subject to punishment" (Pope Cert. ¶ 9), this blanket statement *does not* satisfy the statutory requirement that counsel certify that the motion is made in good faith.

I have been associated with this case for almost two years and have become greatly familiar with the issues involved. It is readily apparent that if I granted petitioner's motion at this time, it would result in a significant waste of judicial resources. Although I would be justified in denying this motion on these grounds alone, *Johnpoll,* 748 F.Supp. at 88, given the seriousness of such a motion, I will address petitioner's remaining allegations.

B. *Professional Association With Former Law Clerk*

▇▇▇ As stated previously, Mr. Johnson fully informed both the court and Occhipinti that he served as a student intern in my chambers during the Fall of 1991. Further, I attended Fisk University with his uncle

over fifty years ago and have seen him only once since graduating from Fisk. Apart from these instances, I have had no personal contact with either Mr. Johnson or his uncle that would suggest the "social and personal" relationship which petitioner has alleged.

▇▇▇ Recusal is appropriate when a judge has a personal interest at stake, such as financial ownership in a company, *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 850, 108 S.Ct. 2194, 2197, 100 L.Ed.2d 855 (1988), or some personal bias in favor of or against a party to the action. *Ellis,* 768 F.Supp. at 478. The mere knowledge of one of the attorney's involved by itself is irrelevant without some factual allegation of bias or prejudice resulting from this association.

By the time a judge has attained senior status, she has many former law clerks and former student interns who are engaged in all aspects of the legal profession. Former clerks and former student interns become members of the criminal defense bar, become federal and state prosecutors, and even become members of the judiciary. Petitioner's argument, if taken to its illogical conclusion, would have virtually every judge recuse himself or herself whenever a former law clerk, or any attorney with whom he or she is acquainted for that matter, appears before the court. Accordingly, this argument is totally without merit and instantly rejected.

C. *Trial–Related Conduct and Rulings*

▇▇▇ While petitioner claims that my prejudice against him stems from my "personal relationship" with Mr. Johnson, it is supposedly "established by the trial record...." (Pope Cert. ¶ 6). To support this claim, petitioner refers to a tape and transcript alleging that I was pre-selected for this trial, which I "refused" to hear or review.[5] He further states that I exhibited my

---

4. Admittedly, Mr. Pope did not represent Mr. Occhipinti at trial. This court assumes, however, that not unlike any competent attorney, he has obtained and fully reviewed a trial-related transcripts in this case. Accordingly, I further assume that he was aware of Mr. Johnson's disclosure at the March 1991 pre-trial conference *before* filing this affidavit.

5. Not unlike the "new evidence" upon which petitioner bases his motion for a new trial, virtually all of this information constitutes inadmissible hearsay which I properly excluded from this case, as evidenced by the second circuit's decision upholding my rulings. Further, as the court states in *Person,* "recusal is not mandated by counsel's vague and unsupported allegations re-

partiality through "[O]rders [sic] requiring the exclusion of [his] children from the court room [sic] throughout the trial, the exclusion of [his] personnel file, the exclusion of the Clinka Commission report, ordering of the defense to reduce their witness list from forty to twenty witnesses, as well as the cancellation of Occhipinti's voluntary surrender agreement and the order of his immediate attention [sic] without safeguards." *Id.* All of these rulings could have and should have been raised on appeal.

■ As petitioner himself correctly points out, "personal bias must be based on *extra judicial [sic] conduct,* not conduct arising in [the] trial setting; ruling[s] adverse to [a] party, without more, [are] not bias against [the] client." (Pope Cert. ¶ 3). *See also United States v. Wallach,* 788 F.Supp. 739, 741 (S.D.N.Y.1992) (objective standard for recusal cannot be met by pointing to in-court rulings or pronouncements based on information judge learned by presiding over the case). Yet, despite this acknowledgement, he continues to raise allegations which even he supposedly understands should not be the basis of a recusal motion. If petitioner disagrees with any of these rulings, he is well aware that the appropriate method by which to resolve his concerns was by appealing my trial rulings to the court of appeals, *not* by raising them in a disqualification motion. *Person,* 730 F.Supp. at 519. Accordingly, such claims are disregarded for purposes of this ruling.

As the Second Circuit aptly stated in *Drexel:*

> In deciding the sensitive question of whether to recuse a judge, the test of impartiality is what a reasonable person, knowing and understanding all the facts and circumstances would believe. It is for that reason that we cannot adopt a per se rule holding that whenever someone claims to see smoke, we must find that there is

fire. That which is seen is sometimes merely a smokescreen. 861 F.2d at 1309.

Considering the allegations raised by petitioner's motion, I find that to characterize them as even a smokescreen would lend them far more credit than they deserve. Counsel's allegations are so vague and transparent that petitioner's true intentions are painfully obvious—he has evidently brought this motion in the hopes of obtaining a "fresh start" with a new judge. Not only is such a purpose unethical, but it directly contradicts the mandate of the Second Circuit that "[a]n attorney cannot be allowed to pick and to choose which judge shall hear his or her case simply by making unfounded and conclusory allegations of bias or prejudice." *Id.* at 1312. Accordingly, petitioner's motion for recusal is denied.

## II. Motion to Transfer

■ Petitioner further argues that his "allegations" of prosecutorial misconduct suffice to warrant a transfer of this matter from the Southern District of New York to another District. (Pope Cert. ¶¶ 5, 8) [6]. Not unlike his allegations concerning my "relationship" with Mr. Johnson, he again raises a transparent smokescreen hoping that this court will automatically take action. This argument is patently absurd. If mere allegations of misconduct were sufficient to warrant transferring a matter, beyond a doubt, all criminal matters would be repeatedly transferred until they just disappeared.

Petitioner has not raised one argument suggesting that his case should be transferred in the interest of justice or for the convenience of the parties. To the contrary, he has failed to present one shred of credible evidence which would warrant a transfer. Accordingly, this court will not indulge his incredulous speculation and his motion is denied.

---

garding unspecified hearsay statements." 516 F.Supp. at 519.

**6.** More specifically, petitioner alleges that Mr. Johnson "fail[ed] to turn over exculpatory evidence, [sic] which established the existence of a conspiracy to frame [himself]" and that his actions "are presently under investigation by the

Office of Professional Responsibility." (Pope Cert. ¶ 5). Even if such conclusory allegations could be substantiated, they clearly do not infer any misconduct on the part of this court. Accordingly, they are inappropriately raised in this petition.

## CONCLUSION

For the reasons stated above, petitioner's motion for recusal and transfer of this matter is denied.

Separate Order Dismissing Motion.