**Leroy J. MURRAY, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE,
Defendant.**

**No. CV 95–0027–N–EJL.**

United States District Court,
D. Idaho.

Feb. 5, 1996.

Order Denying Reconsideration
March 4, 1996.

Leroy J. Murray, Coeur d'Alene, Idaho, for Plaintiff Pro Se.

Warren S. Derbidge, Assistant United States Attorney, Boise, Idaho, Richard Ward, U.S. Department of Justice, Tax Division, Washington, D.C., for Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

LODGE, Chief Judge.

On July 7, 1995, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation, recommending that the motion to dismiss filed by the defendant Internal Revenue Service ("IRS") be granted on the ground that the court lacked subject matter jurisdiction over the plaintiff's cause of action.

The plaintiff has filed written objections to Judge Boyle's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), this court is required to make a de novo determination of those portions of the Report and Recommendations to which the plaintiff has objected. Based on that review, the court may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*

Preliminarily, the court observes that the plaintiff has filed this action, and the instant objections, on his own behalf, pro se. In deference to his pro se status, the court has liberally construed his pleadings to encompass any legally cognizable arguments which may be reasonably encompassed therein.

Turning to the objections, it appears that the plaintiff believes the magistrate's refusal to remand the action to state court is inconsistent with the magistrate's recommendation that the case be dismissed for lack of subject matter jurisdiction. In particular, the plaintiff points to 28 U.S.C. § 1447(c), which states that "if at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The petitioner argues that if the court does not have subject matter jurisdiction then the case must be remanded.

■ The court has reviewed the legal authority cited by the plaintiff. Based on that review, however, it is clear that the petitioner is conflating two separate jurisdictional requirements. Before the plaintiff can maintain an action against an agency of the United States, the court must find that two prerequisites are present: 1) statutory authority granting subject matter jurisdiction over the claims asserted by the plaintiff, and 2) a waiver of sovereign immunity. *E.J. Friedman Co., Inc. v. United States*, 6 F.3d 1355, 1357 (9th Cir.1993); *Arford v. United States*, 934 F.2d 229, 231 (9th Cir.1991). Here, removal of the action from state court was proper under 28 U.S.C. § 1442(a)(1), which provides authority for the removal of any action where a federal agency is a defendant. And 28 U.S.C. § 1340 provides the statutory authority for subject matter jurisdiction over the plaintiff's action. *See E.J. Friedman Co., Inc.*, 6 F.3d at 1357; *Arford*, 934 F.2d at 231. Thus, subject matter jurisdiction exists to support the removal of the plaintiff's case, and the court is not required to remand the action pursuant to 28 U.S.C. § 1447(c).

The plaintiff can maintain an action against the IRS, however, only if the government has consented to be sued. *Arford*, 934 F.2d at 231. "Section 1340 ... does not constitute a waiver of sovereign immunity." *Id.* Thus, the plaintiff "must still clear the second jurisdictional hurdle by pointing to a waiver of sovereign immunity." *E.J. Friedman Co., Inc.*, 6 F.3d at 1357. As the magistrate correctly observed, the plaintiff has failed to point to any authority that provides for such a waiver of immunity. According, the court does not have subject matter jurisdiction over this matter, and dismissal is required. *See id.* at 1359–60.

The plaintiff also objects to Judge Boyle's order denying the plaintiff's Motion to Recuse. The court has considered the plaintiff's contentions and finds them to be without support in law or fact. Accordingly, the plaintiff's objections are overruled.

### Order.

· Having conducted a de novo review of the objected-to portions of the Report and Recommendation, this court finds that Judge Boyle's Report and Recommendation is well founded in law and consistent with this court's own view of the evidence in the record. The court therefore accepts in their entirety, and adopts as its own, the findings and conclusion made by Judge Boyle. Acting on the recommendation of Judge Boyle, and this court being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Report and Recommendation entered on July, 25 1995 (dkt # 23), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss (dkt # 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action should be, and hereby is, **DISMISSED IN ITS ENTIRETY.**

### ORDER ON MOTION

On February 5, 1996, this court entered an Order Adopting Report and Recommendation that dismissed this case in its entirety. Thereafter, on February 22, 1996, plaintiff filed a "Motion for Consideration."

Given the court's familiarity with the record herein, and finding no reason to modify the order entered on February 5, 1996, the Motion for Consideration shall be summarily denied.

### ORDER

Based on the foregoing, and the court being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Motion for Consideration (dkt # 28) should be, and is hereby, **DENIED.**

### ORDER, REPORT AND RECOMMENDATION

BOYLE, United States Magistrate Judge.

Currently pending before the Court are the United States' Motion to Dismiss "Peti-

tion for Order to Show Cause" (Docket No. 5), Plaintiff's Objection to Removal and Demand for Remand (Docket No. 8), Plaintiff's Motion for Order to Release Notice of Intent to Lien and Levy (Docket No. 17), and Plaintiff's Motion to Recuse (Docket No. 20).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Order, Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## I.

### MOTION FOR RECUSAL

Before considering the dispositive Motion to Dismiss the "Petition for Order to Show Cause" it is necessary to address and resolve Murray's Motion to Recuse (Docket No. 20). The motion will be considered on the existing record.

On June 5, 1995, Plaintiff filed a Motion to Recuse (Docket No. 20). In support of his motion, Plaintiff asserts that he would not be able to receive a fair and impartial hearing from the undersigned because in a previous case, No. CV 93–065–N–HLR, the Court erroneously held that Plaintiff signed a "notice of demand" as an indication that he received it, and that the Court mistakenly characterized Plaintiff as a tax protestor.

After a careful and thorough review of the record, and for the following reasons, the Court concludes that Murray's motion to recuse is without merit and should be denied.

### A. *Legal Standard For Recusal*

The Judiciary Act of 1789, 28 U.S.C. § 1 *et seq.* as amended, provides two statutory methods for the removal of judges from presiding over actions. Where there is no statutory basis for recusal, a judge has a "duty to sit" pursuant to the rules governing the assignment of cases among judges. Fed. R.Civ.P. 40; D.Id.LR 40.1. *See also* D.Id.LR 72.1(b)(2) controlling assignment to United States Magistrate Judges.

### B. *Removal Under 28 U.S.C. § 144*

With respect to removal of federal judges from pending actions, Congress has enacted legislation which provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only on such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

 This statutory provision has been interpreted to be partially preemptory in nature because it requires a judge to remove himself once a party has complied with the procedural steps of the statute and made a prima facie showing of prejudice or bias. *See Idaho v. Freeman,* 507 F.Supp. 706, 716 (D.Idaho 1981). The applicable test under the statute, however, requires the judge to evaluate the sufficiency of the affidavit and determine if there is "bias in fact." *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *Parrish v. Board of Commissioners,* 524 F.2d 98 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

·The semi-peremptory section 144 is initiated by a party affidavit, the contents of which must be taken as true, and a judge after determining its legal sufficiency must disqualify himself. This section is also accompanied by certain safeguards to preserve the integrity of the judicial system.

*Freeman,* 507 F.Supp. at 722.

 Under this section, had either of Murray's affidavits established prima facie grounds for recusal, i.e. bias in fact or prejudice, the undersigned would have recused himself regardless of the objective truth of the allegations. However, Murray has not satisfied the requirement of establishing a

prima facie grounds for recusal based on bias in fact or prejudice, or any other basis, as will be discussed more fully below.

### C. Recusal Under 28 U.S.C. § 455

As a further basis for removal of federal judges from pending actions, Congress has also enacted additional legislation which provides:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . .

28 U.S.C. § 455.

■■■ This provision, unlike Section 144, is self-executing in that it requires a judge to make a determination of disqualification upon his own initiative if "his impartiality might reasonably be questioned." This standard has been applied frequently and has been the subject of numerous decisions by the courts.

In *Freeman*, 507 F.Supp. 706, the district judge reviewed the various standards which had been applied to Section 455 in deciding not to recuse himself from a case involving the Equal Rights Amendment where it had been alleged that an appearance of impropriety existed since his church opposed the amendment and the presiding judge was an officer of that church. Therein, the district judge reviewed the applicable Ninth Circuit decisions which had held that when a party was moving under subsection (b), the standard for removal was "bias in fact." *Freeman*, 507 F.Supp. at 724–25; *United States v. Sibla*, 624 F.2d 864 (9th Cir.1980); *United States v. Conforte*, 624 F.2d 869 (9th Cir. 1980). In *Freeman*, the district judge also noted a distinction between removal under the various subsections of 28 U.S.C. § 455. After reviewing the facts presented in *Freeman*, the district judge addressed the two standards which could be applied to subsection (a) "partiality" and (b) "bias." Although not reaching a conclusion as to which subsection was controlling, the district judge held that in either circumstance, the result was the same, i.e. the "appearance of partiality" was the appropriate standard.

In *In Re San Juan Dupont Plaza Hotel Fire Litigation*, 129 F.R.D. 409 (D.Puerto Rico 1989) the district court interpreted 28 U.S.C. § 455(a) to require the judge to apply a reasonable person standard to questions of recusal.

Thus, it was Congress' clear intention—as the federal courts have consistently held—that a Section 455 disqualification should not be allowed on the bases of rumors, innuendos, unsupported allegations, or claims that like blind moths, flutter aimlessly to oblivion when placed under the harsh light of the full facts. In short, the strategic maneuvering of counsel cannot divert the true course of the judicial process already navigated by an impartial judge . . . .

*Id.* at 414.

The relevant test for a Section 455(a) recusal is whether the charge of impartiality is sufficiently grounded on facts to create in the mind of the fully informed objective disinterested observer of our community a reasonable or significant doubt concerning the judge's impartiality.

*Id.* at 416.

The above test, as stated in *In Re: San Juan*, has been utilized and adopted by the Ninth Circuit Court of Appeals. *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986). Furthermore, the Ninth Circuit has required that the alleged prejudice against a party must result from an extrajudicial source and clearly held that "a judge's prior adverse ruling is not sufficient cause for recusal." *Id.* (citing *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.1984)). Under this test, a judge is required to examine the facts brought to light by a moving party, as well as any facts known to the judge but not public knowledge. The judge is then required to determine whether a reasonable person who was fully informed would find that there was a question of partiality. *Id.*

■■■ In the recent Supreme Court decision of *Liteky v. United States*, —— U.S. ——,

———, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994), the Court affirmed that the extrajudicial source doctrine generally applies to both Sections 144 and 455. The Court held that "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* (citing *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966)). Although a judge's prior rulings may support a motion for recusal, they will do so only "in the rarest circumstances" where the movant can show the judge's actions or comments during a proceeding "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

### D. *Analysis*

█ Plaintiff alleges that the undersigned Magistrate Judge has a bias toward him based on a previous unfavorable ruling against Plaintiff. However, Plaintiff acknowledges that the undersigned has no "extrajudicial" or "personal" prejudice against him. In the Court's view, that prior ruling, though unfavorable to Plaintiff, is alone clearly insufficient to show "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Therefore, in order for the undersigned to be removed from this instant action, Plaintiff must show the alleged bias or prejudice from an extra-judicial source. *Id.* However, there is no evidence in the record of such extrajudicial bias. Plaintiff's allegations do not satisfy the legal standard and, in light of the foregoing, Plaintiff's motion for recusal must be denied.

Further, the Court has conducted both the self-executing evaluation required by Section 455 and the evidence-based standard of Section 144. There is absolutely no basis for granting Plaintiff's motion. The Court has no bias or prejudice against Plaintiff and the mere fact that the Court ruled against him in a prior action is not a legitimate basis for recusal. Accordingly, Plaintiff's motion is DENIED.

### II.

### MOTION TO DISMISS

█ Defendant argues that Plaintiff's "Petition for Order to Show Cause" should be dismissed because: (1) the petition was not properly served on Defendant; and (2) the United States as a Defendant has not waived sovereign immunity to suits of this type and therefore the federal government does not have subject matter jurisdiction over this matter. For these reasons, Defendant has moved the Court to dismiss the petition pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter.

After carefully considering the record, the Court concludes that this petition should be dismissed because federal subject matter jurisdiction does not exist over Murray's claim.

### A. *Subject Matter Jurisdiction*

█ It is clear that the federal courts are courts of limited jurisdiction, and both subject matter and personal jurisdiction must be affirmatively established. There is a presumption that the federal courts lack jurisdiction until the contrary has been affirmatively established. *Casey v. Lewis,* 4 F.3d 1516, 1519 (9th Cir.1993); *California ex rel. Younger v. Andrus,* 608 F.2d 1247, 1249 (9th Cir.1979); *Poole v. Rourke,* 779 F.Supp. 1546, 1553 (E.D.Cal.1991). Further, it is well established that the burden is on Plaintiff to affirmatively allege and, if challenged, establish that jurisdiction exists. *Hirsch v. Blue Cross, Blue Shield of Kansas City,* 800 F.2d 1474, 1477 (9th Cir.1986); *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir.1986); *Poole,* 779 F.Supp. at 1554.

█ It is axiomatic that unless the federal government consents to be sued, sovereign immunity shields the government and its agencies from suit. *Federal Deposit Ins. Corp. v. Meyer,* —— U.S. ——, ——, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). "Indeed, the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." (Citations omitted)

█ A taxpayer who brings an action against the United States must therefore find an explicit waiver of sovereign immunity al-

lowing his or her action. *Lonsdale v. United States,* 919 F.2d 1440, 1444 (10th Cir.1990). Where there is no waiver of sovereign immunity, it is appropriate for the Court to dismiss an action for lack of subject matter jurisdiction. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985); *see Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir.1989). It is Plaintiff's burden to provide evidence that his claim falls within the terms of an express waiver of sovereign immunity. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). In this action, Murray has failed to allege or provide any evidence or authority for such a waiver of immunity. Accordingly, the Court concludes that his petition should be dismissed.

### III.

### REMAINING MOTIONS

**A. *Objection to Removal and Demand for Remand of the Case Back to State Court***

Plaintiff has filed an Objection to Removal and Demand for Remand (Docket No. 8). However, 28 U.S.C. § 1442(a)(1) provides for the removal of any civil action against any agency of the United States. Plaintiff has named the Internal Revenue Service, an agency of the United States, as a Defendant in this action. Therefore, the Court concludes that removal was appropriate and Plaintiff's motion should be denied.

**B. *Motion for Order to Release Notice of Intent to Lien and Levy***

Plaintiff has filed a Motion for Order to Release Notice of Intent to Lien and Levy (Docket No. 17). Again, due to the conclusion that this Court lacks subject matter jurisdiction over Murray's claim, this motion is moot and should be denied.

### IV.

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Murray's Motion to Recuse Magistrate Boyle (Docket No. 20) is DENIED.

2. Murray's Objection to Removal and Demand for Remand (Docket No. 8) is DENIED.

3. Murray's Motion for Order to Release Notice of Intent to Lien and Levy (Docket No. 17) is found to be MOOT and is DENIED.

### V.

### RECOMMENDATION

Based on the foregoing, the Court recommends to the District Court that Defendant's Motion to Dismiss "Petition for Order to Show Cause" (Docket No. 5) be GRANTED and this action dismissed in its entirety as the Court does not have subject matter jurisdiction over any of Plaintiff's claims brought herein.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(d) or as a result that party may waive the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals.

DATED this 25th day of July, 1995.