Rossi S. THOMAS, Plaintiff,

v.

**TRUSTEES FOR COLUMBIA
UNIVERSITY, Defendant.**

No. 97 Civ. 8622(WHP).

United States District Court,
S.D. New York.

Dec. 22, 1998.

Rossi Senesta Thomas, New York City,
pro se.

Rita A. Hernandez, Schulte Roth & Zabel
LLP, New York City, for Defendant.

*MEMORANDUM AND ORDER*

PAULEY, District Judge.

By letter to the Court dated December 9, 1998, defendant's counsel requests that I recuse myself in the instant employment discrimination action brought under the Americans with Disabilities Act. The application is denied.

*Discussion*

1. *Background*

In a letter submission to the Court, defendant's counsel observes that while in private practice, I represented Dr. Frank Manning and his wife in a dispute with Columbia University. The matter involved faculty positions which Dr. Manning held with Columbia Presbyterian Medical Center, Sloane Hospital for Women and the Columbia University College of Physicians & Surgeons.

No litigation was commenced by the Mannings against Columbia University while I represented them and none is pending now. My involvement in the dispute was limited to negotiating with Columbia University on behalf of the Mannings. The negotiations were conducted primarily through an exchange of letters. Although defendant's letter application states that I had "adversarial conversations" with Columbia University's Associate General Counsel, whom she characterizes as a "likely" witness in any trial of the instant action, I have no recollection of any such conversations. Defendant's counsel does not provide any dates or other details concerning these conversations. Finally, I have no financial interest in the outcome of the dispute between the Mannings and Columbia University.

2. *The Applicable Standard*

■ Two statutes govern recusal of district judges: 28 U.S.C. §§ 144 and 455. Under 28 U.S.C. § 144, a district judge shall recuse himself when the judge "has a personal bias or prejudice" for or against a party. The filing of an affidavit of bias and a certificate of good faith are procedural prerequi-

sites for a motion pursuant to § 144. In this case, the defendant has not satisfied either of these requirements. Under 28 U.S.C. § 455(a), a judge shall recuse himself where "his impartiality might reasonably be questioned." Section 455(b)(1) further provides that a judge should recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." The decision to grant or deny a recusal motion is committed to the sound discretion of the judge to whom the motion is directed.

Sections 144 and 455 are complementary and the substantive test for bias under both of them is "whether a reasonable person, knowing all the facts, would conclude that the court's impartiality might reasonably be questioned." *Apple v. Jewish Hosp. and Medical Center*, 829 F.2d 326, 333 (2d Cir. 1987); *see also In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1309 (2d Cir.1988), *cert. denied*, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989). "Movants must overcome a presumption of impartiality, and the burden of doing so is 'substantial.'" *Giladi v. Strauch*, 1996 WL 18840, *1 (S.D.N.Y. Jan.18, 1996) (*quoting Farkas v. Ellis*, 768 F.Supp. 476, 478 (S.D.N.Y.1991)). "An application for the disqualification of a judge must rest on a factual basis and not on the whim of a litigant who asserts vague contentions." *Hunt v. Mobil Oil Corp.*, 557 F.Supp. 368, 376 (S.D.N.Y.) (Weinfeld, J.), *aff'd*, 742 F.2d 1438 (2d Cir.1983).

 A judge has an affirmative duty not to disqualify himself unnecessarily. *See National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir.1978); *Securities and Exchange Comm'n v. Grossman*, 887 F.Supp. 649, 658–59 (S.D.N.Y.1995). Otherwise, litigants would be encouraged to advance speculative and ethereal arguments for recusal and thus arrogate to themselves a veto power over the assignment of judges. *See Garofalo v. Gravano*, 23 F.Supp.2d 279, 1998 WL 741735, *9 (E.D.N.Y. Sept.24, 1998). Here, Columbia's diaphanous application would work precisely this mischief.

3. *Conclusion*

Putting aside the procedural defects of defendant's application under 28 U.S.C. § 144, there is no showing of bias and none exists. No reasonable observer would seriously question my ability to impartially preside over this action based on my former law firm's negotiations with Columbia University on behalf of the Mannings in an entirely unrelated matter. Defendant's assertion regarding conversations I had with Columbia University's Associate General Counsel is simply too vague to support even the slightest inference of partiality. Accordingly, I decline to recuse myself.