**Lavelle JAMES, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**No. CIV.A.00–2989RWR/DAR.**

United States District Court, District of Columbia.

Feb. 21, 2002.

---

Joel DuBoff, DuBoff & Associates, Silver Spring, MD, for Plaintiff.

Maria Merkowitz, Office of Corporation Counsel, Washington, DC, for Defendants.

## *MEMORANDUM ORDER*

DEBORAH ANN ROBINSON, United States Magistrate Judge.

Two motions which concern the conduct of discovery are pending for determination by the undersigned: (1) defendants' Motion to District Judge to Stay Magistrate Judge's Orders (Docket No. 34), and (2) defendants' Motion for Recusal of Magistrate Judge (Docket No. 35). By the first of the two motions, defendants seek a stay of "all of the pending Orders of the Magistrate Judge on discovery and sanctions, until resolution of the contemporaneously-filed Motion for Recusal of Magistrate Judge." Motion to District Judge to Stay Magistrate Judge's Orders at 1. Defendants suggest that "[r]ecusal, rather than an objection to the rulings of the Magistrate Judge[,] is the appropriate remedy, because the *defendants are not so much questioning the substance of the rulings* as their probative value in establishing a course of treatment that displays bias or prejudice against the defendants and in favor of the plaintiff." Memorandum of Points and Authorities in Support of Motion to District Judge to Stay Magistrate

Judge's Orders ("Memorandum in Support of Motion for Stay") at 3 [unnumbered] (emphasis supplied).[1]

By the second of the two motions, defendants assert that the undersigned "has taken a number of actions and issued a number of rulings which call her impartiality into question, and appear to show bias or prejudice in favor of the plaintiff and his counsel and against the defendants and their counsel." Memorandum of Points and Authorities in Support of Motion for Recusal of Magistrate Judge ("Memorandum in Support of Motion for Recusal") at 1 [unnumbered].[2] As examples of rulings which have been "one-sided[,]" defendants proffer, among others, the denial of defendants' motion to compel interrogatory responses; the imposition of sanctions "on de minimus issues"; and "repeatedly requir[ing] defense counsel to support his statements with references to the Federal Rules or with case citations[.]" *Id.* at 3–4 [unnumbered]. Finally, with no support other than counsel's affidavit, defendants claim that "[i]t is widely asserted by lawyers who appear before [the undersigned] that she is predisposed to and does treat the District's lawyers differently than the plaintiffs' lawyers in those cases." *Id.* at 4–5 [unnumbered].

Plaintiff filed timely oppositions to both motions. *See* Plaintiff's Opposition to Defendant District of Columbia's Motion to Stay [Magistrate] Judge's Orders (Docket No. 39); Plaintiff's Opposition to Defendant District of Columbia's Motion [for] Recusal of Magistrate Judge (Docket No. 38). Defendants filed no reply to either opposition.

Upon consideration of the motions, plaintiff's oppositions thereto and the entire record herein, both motions will be denied. Defendants' motion for stay is predicated entirely upon their motion for recusal; indeed, defendants suggest that "[i]t appears that the recusal, and therefore the stay, are automatic." *See* Memorandum in Support of Motion for Stay at 1 [unnumbered]. However, the undersigned finds that defendants have failed to demonstrate that recusal is warranted.

## I.

Defendants move for recusal pursuant to Section 144 of Title 28 of the United States Code, which requires that the moving party file "a timely and sufficient affidavit" that the judge before whom the matter is pending "has a personal bias or prejudice either against [the moving party] or in favor of any adverse party[.]" 28 U.S.C. § 144. In addition, the statute requires that the affidavit be accompanied by "a certificate of counsel of record stating that it is made in good faith." *Id.*

 While Section 144 provides for the assignment of another judge where a "timely and sufficient affidavit" alleging bias or prejudice has been proffered, "it is still within the discretion of the trial court to determine, at the outset, the legal sufficiency of the affidavit supporting the motion." *Holmes v. NBC/GE,* 925 F.Supp.

---

1. Defendants do not identify the "orders" which are the subject of their motion for stay, and instead, request a stay of "all of the pending Orders of the Magistrate Judge on discovery and sanctions[.]" *See* Memorandum in Support of Motion for Stay at 1. The last order entered by the undersigned was filed on December 11, 2001 (Docket No. 33); defendants did not move, in accordance with Local Civil Rule 72.2, for reconsideration of that order.

2. Defendants do not identify the "actions" and "rulings" in the instant case which form the basis of their contention. Similarly, defendants complain of "rulings on discovery issues" in two other civil actions without identifying the orders. *See* Memorandum in Support of Motion for Recusal at 2 [unnumbered].

198, 201 (S.D.N.Y.1996) (citations omitted).[3] A Section 144 affidavit is not timely unless filed " 'at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification.' " *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir.1993); *see United States v. Occhipinti*, 851 F.Supp. 523, 526 (S.D.N.Y.1993). Among the factors to be considered in evaluating the timeliness of the affidavit are (1) whether the movant has "substantially participated" in the trial or pretrial proceedings; (2) whether the grant of the motion would constitute "a waste of judicial resources"; (3) whether the motion was made after entry of judgment; and (4) whether the movant demonstrates "good cause for delay." *United States v. Occhipinti*, 851 F.Supp. at 526; *United States v. El–Gabrowny*, 844 F.Supp. 955, 959 (S.D.N.Y.1994).

 Next, a "sufficient" affidavit must satisfy the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, and not judicial, in nature.

*McClelland v. Gronwaldt*, 942 F.Supp. 297, 300 (E.D.Tex.1996) (citation omitted). To be found sufficient as a matter of law, the affidavit must show " 'a true personal bias and allege specific facts' as opposed to mere conclusions and generalizations." *United States v. Occhipinti*, 851 F.Supp. at 525; *see United States v. Sykes*, 7 F.3d at 1339 (holding that "the facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or ru-

mors are insufficient."). This Circuit has observed that "judicial rulings . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extra judicial source is involved." *Rafferty v. NYNEX Corp.*, 60 F.3d 844, 848 (D.C.Cir.1995), *citing Liteky v. United States*, 510 U.S. 540, 541, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Another district court has articulated what may be deemed the logic underlying this principle:

> [B]ecause it is in the nature of a judge's job to rule, and any ruling must favor one side and disfavor the other, rulings during the course of a case generally are not regarded as evidence of bias, even if it is alleged that a disproportionate number favor one side.

*United States v. El–Gabrowny*, 844 F.Supp. at 959.

 Finally, "a careful reading of [Section] 144 clearly shows that a motion for recusal should be accompanied by *both* a factual affidavit and a separate certificate that the affidavit was made in good faith." *United States v. Occhipinti*, 851 F.Supp. at 526. Counsel's statement in the affidavit that the allegations made therein are true does not satisfy the requirements that counsel certify that the motion is made in good faith. *Id.*

## II.

 Upon consideration of these authorities, the undersigned finds as a matter of law that defendants have neither proffered a "timely and sufficient affidavit," nor offered counsel's separate certificate that the affidavit is made in good faith.[4] With respect to the timeliness of

---

**3.** "Trial court," in this context, may fairly be read to apply to the judge whose recusal is sought, whether that judge is the trial court or, as here, the United States Magistrate Judge to whom the parties' discovery disputes were referred. *Cf. Murray v. Internal Revenue*

*Service*, 923 F.Supp. 1289, 1292–94 (D.Idaho 1996) (overruling movant's objection to magistrate judge's denial of motion for recusal).

**4.** While no decision of this court or of the District of Columbia Circuit holds that the

the affidavit, the undersigned finds that to the extent defendants rely upon an apparent course of rulings spanning a period of nearly four months before the motion was filed, defendants do not attempt to demonstrate "good cause" for moving for recusal only after the undersigned granted plaintiff's motion for sanctions. *See* December 11, 2001 Order at 1. Moreover, counsel who filed the motion was "significantly involved" and indeed, the only counsel to appear; however, counsel fails to address either the time that the facts which form the basis of defendants' motion first became known, or the impact upon judicial resources of recusal of the undersigned after the undersigned's management of discovery since April, 2001.

■ Next, the undersigned finds that the affidavit is not "sufficient." The basis of defendants' motion is principally the course of rulings by the undersigned with respect to the parties' discovery disputes. However, it is settled that "[a] court's judicial rulings... standing alone, 'almost never constitute [a] valid basis for a bias or partiality motion.'" *Holmes v. NBC/GE*, 925 F.Supp. at 201, citing *Liteky v. United States*, 510 U.S. at 555, 114 S.Ct. 1147. Defendants also submit that "[i]t is widely asserted by lawyers who appear before her that she is predisposed to and does treat the District's lawyer differently than the plaintiffs' lawyers in those cases." Declaration of Wayne C. Beyer, ¶ I. The affiant, however, fails to identify any such lawyer; the matters in which any such lawyer appeared; the context in which the assertion of predisposition was made; or the factual basis of any such assertion. Accordingly, the reference to the assertion is not "sufficiently definite and particular to convince a reasonable person that bias exists[.]" *See United States v. Sykes*, 7 F.3d at 1339.

### III.

It is, therefore, this ___ day of February, 2002,

**ORDERED** that defendants' Motion for Recusal of Magistrate Judge (Docket No. 35) is **DENIED**; and it is

**FURTHER ORDERED** that defendants' Motion to District Judge to Stay Magistrate Judge's Orders (Docket No. 34) is **DENIED**.

---

certificate required by Section 144 of Title 28 must be separate, at least one other district court has so held. *United States v. Occhipinti*, 851 F.Supp. at 527 (holding that Section 144 requires both a factual affidavit "and a separate certificate that the affidavit was made in good faith.").